In the Matter of AMERICAN CYANAMID AND CHEMICAL CORPORATION et al., Appellants, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

Argued January 19, 1955; decided March 3, 1955.

*Sol Charles Levine, S. H. Levine* and *Joseph M. Godman* for appellants. I. Within the meaning of the sales tax laws and in the absence of fraud on the part of a vendor in procuring the same, a vendor of tangible personal property who receives from his registered customer a resale certificate, satisfying all of the statutory requirements, may refrain with impunity from collecting the sales tax. II. Since the certificate is made by the purchaser and its representations are peculiarly within his knowledge and, in the event of their falsity, the purchaser is guilty of a misdemeanor and civilly responsible for the tax, the vendor, under the statute, is not required to pass judgment upon the truth or falsity of the factual representations. (*Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452; *Homes Elec. Protective Co.* v. *City of New York,* 304 N. Y. 202; *Matter of Emigrant Ind. Sav. Bank* v. *McGoldrick,* 268 App. Div. 277; *Matter of American Sur. Co.* v. *Joseph,* 284 App. Div. 14.) III. Any doubt should be resolved in favor of the taxpayer and a fortiori of a tax collector. (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198.) IV. Since respondent has failed to prove that there was any tax due from petitioner's customers either because the chemicals were resold in either of the statutory senses or because these customers had paid the tax directly to the city, there can be no liability against petitioner. Where there is no tax, there is no tax collector. V. The record is barren of evidence to support the order of the court below. (*Matter of Frissell* v. *McGoldrick,* 300 N. Y. 370.) VI. Respondent's position with respect to resale certificates, if sustained, changes the nature of the local law from that of a mandatory consumer's tax to a mandatory vendor's tax and violates the provisions of the

enabling act prohibiting the imposition of two gross receipts taxes upon the same person. (*Matter of Tiffany* v. *Mayor of City of Jamestown,* 179 N. Y. 455; *Holmes* v. *County of Erie,* 266 App. Div. 220, 291 N. Y. 798; *Matter of Merchants Refrig. Co.* v. *Taylor,* 275 N. Y. 113.)

*Leo A. Larkin, Acting Corporation Counsel* (*Leroy Mandle* and *Stanley Buchsbaum* of counsel), for respondent. I. A vendor, who knows that a purchaser from it is not engaged in reselling the articles purchased, is required to collect the sales tax even though the purchaser gives it a resale certificate. (*Sterling Bag Co.* v. *City of New York,* 256 App. Div. 645, 281 N. Y. 269.) II. Petitioner's customers involved herein were not engaged in reselling the articles purchased, and petitioner knew that they were not so engaged. (*Matter of Mendoza Fur Dyeing Works* v. *Taylor,* 272 N. Y. 275; *Matter of Fifth Ave. Bldg. Corp.* v. *Joseph,* 297 N. Y. 278.) III. The sales tax assessment here imposed does not constitute a second gross receipts tax. Petitioner is obliged to pay because it failed to obey the mandate of the law that it collect the sales tax, and it may still recover the sales tax from its customers. (*Matter of Fifth Ave. Bldg. Co.* v. *Joseph,* 297 N. Y. 278; *Matter of Kesbec* v. *McGoldrick,* 278 N. Y. 293; *Matter of Merchants Refrig. Co.* v. *Taylor,* 275 N. Y. 113.)

DESMOND, J. New York City's local retail sales tax statute (Administrative Code of City of New York, ch. 41, tit. N), imposes the tax on the purchaser but requires that it " be paid by the purchaser to the vendor as trustee for and on account of the city " and makes the vendor " liable for the collection thereof and for the tax " (Administrative Code, § N41–2.0). Since this is a " consumer's tax " and the sales taxed are such only as are not for resale, the law (§ N41–2.0, subd. i) provides for a " certificate * * * for resale " which may be issued by any vendee who is properly registered with the city, to any vendor, as evidence that the goods sold are being purchased for resale. Another part of the statute reads thus: " For the purpose of the proper administration of this title and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to tax until the contrary is established, and the burden of proving

that a receipt is not taxable hereunder shall be upon the vendor or the purchaser. Unless the vendor shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser and the number of his registration certificate to the effect that the property or service was purchased for resale, the sale shall be deemed to be a taxable sale at retail." (§ N41–2.0, subd. i.) Acting under statutory authority (§ N41–12.0), the comptroller has promulgated a number of regulations, one of which (art. 24) forbids the taking of resale certificates from purchasers "not engaged in business for resale" or "not engaged in selling the article purchased". Another such regulation (art. 86) is to the effect that sales of chemicals to manufacturers for treating, cleaning or preparing other articles for sale are sales at retail and taxable.

This petitioner sells, in New York City, various acids and chemicals, to numerous customers engaged in a variety of businesses. The proceeding is brought to review sales tax assessments made against petitioner on findings that, over a period of years, it failed to collect the tax on numerous sales transactions. The record sufficiently shows these facts: that in every such instance petitioner had a resale certificate covering the sale, from its vendee, who was registered with the city as authorized to issue certificates; that, however, none of the sales were in fact for resale; that petitioner had reason for suspicion or belief that the sales were taxable but in no case did petitioner or any of its responsible officers have any actual knowledge of that fact; that petitioner at all times acted in good, not bad, faith in taking the resale certificates and in failing to collect the tax. Petitioner was informed by its own chemist that some of the products it sold were not such as ordinarily became identifiable ingredients or components of other products later to be resold. As to other sales, petitioner was put on notice, by its customers' corporate names or otherwise, that those customers were in dyeing, cleaning, stamping or coating businesses, etc., and were, presumably, consuming in processes of their own the goods bought from petitioner. The fact remains, however, that petitioner did not know the exact uses, did not know that the resale certificates were inaccurate, and made no further investigation. The question of law is: did petitioner's possession of such notice or information make it liable for the tax,

despite its receipt, in good faith, of resale certificates? Our answer is in the negative.

To this question of statutory interpretation, i.e., legislative intent, there is no direct answer in the statute itself, or, indeed, in the comptroller's regulations. We assume that there would be no protection for a vendor, who, knowing that there was to be no resale, nevertheless took and acted on such a resale certificate, fraudulently or in bad faith. But this law, which goes very far in burdening the vendor by making him an unpaid tax collector for the city, does not, expressedly or impliedly, put on him a duty of investigating or policing his own customers. The problem, of taxability or no, is sometimes a difficult one as to items which are not resold as such but which may or may not be considered as becoming components of another article which is to be resold (see *Matter of Mendoza Fur Dyeing Works* v. *Taylor,* 272 N. Y. 275; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; Redlich on Sales Taxes and the Resale Exemption in the Manufacture and/or Distribution of Personal Property, 9 Tax L. Rev., p. 435). We do not think the statute forces a vendor to debate such questions with his customer.

All taxing statutes of doubtful meaning are, we are admonished, to be construed in favor of the taxpayer and against the taxing authority, and the burdens they impose are not to be extended by implication (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198; Crawford on Construction of Statutes, § 257; 82 C. J. S., Statutes, § 396).

The order of the Appellate Division should be reversed and the determination of the comptroller annulled, with costs in this court and in the Appellate Division.

CONWAY, Ch. J., DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur; BURKE, J., taking no part.

Order reversed, etc.