Desmond, J.
(dissenting). Let ns assume for present purposes that under the New York City sales tax statute (Administrative Code of City of New York, § N 41-2.0) a vendor though he is not a taxpayer but an unpaid tax collector for the city (Matter of American Cyanamid & Chem. Corp. v. Joseph, 308 N. Y. 259, 263) is nevertheless liable to the city for the full amount he should have collected from his vendees (Matter of Atlas Television Co., 273 N. Y. 51). That heavy burden on merchants is now made much more grave. This appellant is being assessed some $66,000 plus additional interest without any showing at all that it failed to collect the full amount of sales tax due or failed to pay over what it collected. The city concedes that appellant “ paid # * * the tax it actually collected to the extent that its employees turned it in ” (brief, p. 3). And the city made no effort to prove that the employees in appellant’s 12 stores failed to collect or to turn in to appellant the full tax due from the customers. The city’s only charge against appellant is that it did not keep a formal written record of each individual sale (from one cent up and running into millions of transactions) showing separately in each instance the price charged and the tax due and collected. Appellant’s employees, after careful instruction from appellant as to their obligation to collect and keep separate the scheduled taxes and under careful supervision by appellant, collected the tax on each sale and put those small amounts into separate locked containers which were collected by appellant at the end of each day and the amounts therein counted, recorded and later reported and paid to the city. There was at the time no statute and no regulation or instruction from the comptroller (although he apparently had the power; Administrative Code, § N41-4.0) forbidding this practice or requiring any different method of tax accounting or imposing any liability on a vendor for failing to keep a running record, sale by sale, of price and tax. Appellant, conforming to the usual practice in “ limited price variety stores ”, has never for any purpose used sales slips or any other system *208 of recording individual sales. The comptroller’s representatives, periodically auditing appellant’s sales tax returns, must have known that appellant’s returns like those of many other shopkeepers were based on daily sales totals, not records of each sale. It was not until March 24, 1956, long after the decision below in this case that the New York City Sales Tax Regulations contained any requirement that a vendor must keep records of “ each amount of sale ” and “ the taxes payable thereon, if any ’ ’. Surely all this demonstrates not only that appellant did not cheat the city out of sales taxes but in undisputed fact used reasonable diligence to collect and pay the tax according to the existing law. We have held that no more than that is required of a vendor-collector (Matter of American Cyanamid & Chem. Corp. v. Joseph, supra).
Judge Fuld considers it to be obvious that the sales tax duties of a vendor-collector under the statutes and regulations (as of 1945-1948, the period here involved) could not be satisfied without a record of individual sales. Let us see if that be so. Section N41 — 4.0 of the Administrative Code requires a vendor to “ keep records of receipts and of the tax payable thereon ”. Appellant did keep such records (day by day, not sale by sale) and the comptroller never criticized the method. Subdivision e of section N41-2.0 commands that upon each taxable sale “ the tax to be collected shall be stated and charged separately from the sale price ”, but that refers only to the merchant’s statement to his customer of price and tax separately, a requirement which was satisfied by appellant and has no relevance here, anyhow. The next statutory obligation on the vendor is that the price and tax shall be “ shown separately on any record thereof ” (Administrative Code, § N41-2.0, subd. e). Appellant satisfied that by his daily recording of sales totals and tax totals. Finally, the comptroller’s regulations ordered each vendor to maintain “ such other records as may be necessary or required to determine his tax liability or the extent thereof ’ ’. But the comptroller never (prior to 1956) prescribed sale-by-sale itemization. Indeed his 1938 regulations (applicable during the times here involved) directed no more than “ complete books and records covering receipts from all sales ” and referred to a Form 13RR which as furnished by the comptroller called for daily totals only and not for a record of each individual transaction.
*209 To my mind this record on appeal contains undisputed affirmative proof that appellant complied with every requirement. Since there was no showing of any failure to collect or remit the tax, I do not reach the question of whether the highly dubious “ test period ” method (to which this appellant never consented) could validly he used to determine in a true deficiency case how much tax should have been collected and paid during an entirely different period long before the test period. Appellant’s records were “ as worthy of belief ” as the ‘ ‘ artificial result ’ ’ reached by the application of a “ formula ’ ’ (Miller v. Department of Revenue, 408 Ill. 574, 581). Likewise, it is unnecessary for me to stress the fact that appellant not only paid the city all the sales tax collected by appellant’s clerks hut went further and, when those collections totaled less than the statutory percentages on taxable sales, made up the difference out of its own funds. At least this shows that appellant’s methods guaranteed to the city the sales tax at statutory rates, whether collected by appellant or not.
The records of our own court contain an interesting and convincing showing that under the statute and 1938 regulations applicable to this appellant the city did not as to other taxpayers demand the keeping of records of individual sales. The case that shows this is Matter of Green Co. v. Joseph (297 N. Y. 588). The comptroller after auditing Green’s hooks made an additional assessment which was litigated in the case cited and which was on grounds not found in the present case. However, the significance of the Green case is that, while the comptroller found that Green had underpaid the tax in various respects, the comptroller did not object to hut accepted without any test-period check Green’s records of sales which were kept in exactly the same way that this present appellant’s were kept, that is, showing sales by daily totals only.
It is not an exaggeration to say that this large assessment finds no basis whatever in this record.
The order appealed from should be reversed, with costs in this court and in the Appellate Division, and the determination of the comptroller annulled.
Conway, Ch. J., Dye, Fboessel. and Van Voobhis, JJ., concur with Ftjld, J.; Desmond, J., dissents in an opinion; Btjeke, J., taking no part.
Order affirmed.