In the Matter of MICHAEL P. GRACE, Petitioner, *v.* NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, January 3, 1974.

*Walter J. Rockler* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment under article 16 of the Tax Law.

In this proceeding there are two issues presented for our determination, neither of which involves a question of fact, but solely one of law. The first is whether petitioner was entitled to amortize and deduct the premiums paid by him on the purchase of certain corporate bonds in connection with his 1955 New York State tax return. This precise issue does not appear to have been passed upon by our courts. Although the effective tax statute and official tax regulations for the year involved allowed a deduction for amortization of bond premiums paid by a bank or other financial institution and for such premiums paid by a fiduciary (Tax Law, § 219-z, subd. 9; 20 NYCRR Part 252 [applicable for 1955]), there was no provision for a deduction of such premiums paid by an individual. Nor was it included in the list of statutory nondeductible items. Section 171 of the Internal Revenue Code at such time specifically provided for a deduction for such amortization and deduction by an individual taxpayer for Federal income tax purposes.

A premium paid on the purchase of bonds generally represents the difference between the interest such bonds bear and

the rate of return on similar securities in the current market. When a premium has been paid, the actual interest received includes a return of the premium paid which represents a partial restoration of capital. (*Hanover Bank* v. *Commissioner*, 369 U. S. 672, 677.) We find no valid basis for a distinction between a financial institution or fiduciary and an individual taxpayer which would justify allowing amortization and deduction for such premium to the former, and denying it to the latter. Initially, we note that "where a statute is inconsistent, uncertain or ambiguous with respect to its meaning or application, or conflicts with settled practice, the taxpayer is entitled to the reading thereof most favorable to him." (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 313, subd. c.) As stated by the Court of Appeals in *Matter of American Cyanamid & Chem. Corp.* v. *Joseph* (308 N. Y. 259, 263), "All taxing statutes of doubtful meaning are, we are admonished, to be construed in favor of the taxpayer and against the taxing authority". Since there is no direct answer in the statute or official regulations, and in view of the failure of the Legislature to enact a specific provision in relation to the individual taxpayer who pays such bond premium, we conclude that the Federal rule should be followed. (Cf. *Matter of Marx* v. *Bragalini*, 6 N Y 2d 322, 333.) Accordingly, we hold that petitioner is entitled to an appropriate deduction for the amortizable bond premiums paid by him attributable to the tax year involved. We do not pass upon the method of amortization adopted by petitioner.

As to petitioner's second contention that the legal fees paid by him in his attempt to set aside a contract to sell real property were deductible as carrying expenses on such tax return, we do not agree. Such expenses come about as a result of litigation over the sale of a homestead inherited by petitioner and his brothers and sister which was occupied as a residence. Petitioner argues that the legal fees were necessary expenses in order to maintain the property, and it was occupied only to prevent vandalism. Since respondent determined that the realty was held for the purpose of a residence, and there is substantial evidence to support such finding, the deduction was properly denied.

The determination should be modified, on the law and the facts, and the matter remanded for recomputation of petitioner's tax liability so as to allow an appropriate deduction for amortizable bond premiums, and, as so modified, confirmed, without costs.

STALEY, JR., J. (dissenting). I would confirm the determination of the respondent in its entirety. The New York State Tax Law, in effect in 1955 (Tax Law, § 360), did not provide for a deduction for amortization of bond premiums for individuals and, absent any statutory provision for such a deduction, petitioner was not entitled to amortize and deduct the premium paid by him on the purchase of corporate bonds in connection with his 1955 New York State income tax return.

HERLIHY, P. J., MAIN and REYNOLDS, JJ., concur with SWEENEY, J.; STALEY, JR., J., dissents and votes to confirm in an opinion.

Determination modified, on the law and the facts, and matter remanded for recomputation of petitioner's tax liability so as to allow an appropriate deduction for amortizable bond premiums, and, as so modified, confirmed, without costs.