*220 OPINION OF THE COURT
Titone, J.
The question presented is whether a non-New York resident’s out-of-State purchase of a gift from a store, which also does business in New York, is a transaction subject to New York State sales tax solely because, at the customer’s request, the store arranges to have the gift delivered by common carrier, to the ultimate intended recipient in New York. We hold that in such circumstances, the transaction must be deemed to have occurred wholly outside New York State and that, consequently, the New York State sales tax is inapplicable.
According to the stipulated facts, petitioner owns a chain of retail stores which are situated both within and without the State of New York. On August 23, 1976, the Sales Tax Bureau of the Department of Taxation determined that various additional taxes were due and owing from petitioner in the amount of $583,301.12 plus $298,380.13 in penalty and interest charges. Following a prehearing conference held in connection with petitioner’s request for administrative review, the *221 parties resolved most of their disputes, leaving the only remaining issue the taxability of sales made at petitioner’s outofrState stores to non-New York residents who directed the store to have the merchandise delivered by common carrier as gifts to New York residents.
The Sales Tax Bureau assessed petitioner’s tax liability for such transactions at $103,784.64 plus interest, and the determination was then reviewed administratively on the following stipulated facts: petitioner had not collected a use tax from the out-of-State purchasers; the purchasers had exercised control over the merchandise only at the out-of-State point of purchase; New York residents, the ultimate recipients of the merchandise, were bona fide donees and not purchasers; and no sales tax would have been imposed had the out-of-State purchasers themselves taken the merchandise from the store to a common carrier for delivery in New York. The State Tax Commission concluded that the assessment was a valid sales tax and petitioner commenced this article 78 proceeding to review that determination. The Appellate Division annulled the determination holding that the delivery of a gift to a New York resident, purchased out of State by a nonresident, did not constitute a "sale” within the meaning of the Tax Law. That court certified the following question: "Did this court err as a matter of law in annulling the determination, granting the petition and remitting the matter to respondents for further proceedings not inconsistent with this court’s decision?” We now affirm.
Tax Law § 1105 (a) imposes a sales tax of 4% upon "[t]he receipts from every retail sale of tangible personal property”. A "sale” is defined as "[a]ny transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this article, for a consideration or any agreement therefor.” (Tax Law § 1101 [b] [5] [emphasis supplied].) Respondent urges that the act of delivering a gift to a New York resident by a common carrier engaged by petitioner constitutes a transfer of possession within New York, subjecting the transaction to sales tax.
It is true that delivery in New York has often been listed as a major factor indicating that a taxable New York sale has occurred (see, e.g., McGoldrick v Berwind-White Co., 309 US *222 33, 58; McGoldrick v Felt & Tarrant Co., 309 US 70; Matter of Schaefer Brewing Co. v Gerosa, 4 NY2d 423, appeal dismissed 358 US 282; Matter of Fifth Ave. Bldg. Co. v Joseph, 297 NY 278; Matter of Sears, Roebuck & Co. v Taylor, 279 NY 184). However, the ultimate destination of the goods is not necessarily the location of a particular sale (see, McLeod v Dilworth Co., 322 US 327). Delivery may occur before the merchandise reaches its final destination. Delivery, in the sense that physical custody is transferred, may take place several times during the course of a transaction, but it is only that delivery which transfers control of the merchandise for consideration which marks a taxable event (McGoldrick v Berwind-White Co., supra; McGoldrick v Felt & Tarrant Co., supra; Matter of Sears, Roebuck & Co. v Taylor, supra; but see, Matter of Fifth Ave. Bldg. Co. v Joseph, supra). .
The transactions in this case, taking place wholly within another State — from the time of contract to the delivery of the goods to a common carrier, at which time the sale was completed and the purchasers exercised control over the merchandise — are not subject to New York’s sales tax (McLeod v Dilworth Co., supra, at 330; Matter of Savemart, Inc. v State Tax Commn., 105 AD2d 1001, appeal dismissed 64 NY2d 1039, lv denied 65 NY2d 604). Indeed, in Matter of Gunther’s Sons v McGoldrick (279 NY 148), we held in a related context that the New York City sales tax did not apply where the sales contract required delivery by the seller, at his expense, to the nonresident purchaser’s address outside New York City. There, the transaction was not taxable because the purchaser exercised dominion over the property only after it left New York City (compare, Matter of Savemart, Inc. v State Tax Commn., supra). Similarly, the transactions at issue are not taxable as the purchasers’ only control over the property was exercised out of State when they directed petitioner to send the merchandise to New York donees after the sale was completed.
Most importantly, it cannot be ignored that the only New York nexus to these transactions is the location of the passive recipients of the gifts. These donees do not stand in the shoes of the purchasers as designees (cf., Matter of Savemart, Inc. v State Tax Commn., supra, at 1003) in their receipt or use of the merchandise. It would be an unprecedented stretch of the word "sale” to characterize this chain of events as beginning with the agreement to purchase and ending with the ultimate acceptance of a gift. The sale required consideration (Tax Law *223 § 1101 [b] [5]) and that was given by the purchaser out of State. The recipients of the gifts within this State were wholly unconnected with the out-of-State exchange of consideration for transfer of title and possession to the purchaser. Therefore, the events at issue were comprised of two transactions: out-of-State sales, followed by gifts to New York donees. Neither transaction justifies imposition of New York’s sales tax.
Our decision in no way encourages tax avoidance, as respondent alleges. The parties have stipulated that had the out-of-State purchasers arranged for delivery of the gifts themselves, the transactions would not have been subject to tax. Respondent fails to demonstrate how the more trouble-free option of asking petitioner to make arrangements with a common carrier would constitute a tax avoidance scheme by a nonresident purchaser not generally liable to pay New York’s sales tax.
Moreover, this interpretation is consistent with the legislative scheme underlying New York’s use tax. In general, out-of-State purchases resulting in New York use of tangible personal property are subject to the use tax (Tax Law § 1110). This tax, which complements the sales tax, taxes uses which have not been and will not be the subject of sales tax (id.). Because the goods at issue were used in New York, but not sold in this State, it would be the use tax, not the sales tax, that would govern. However, the definition of "use” limits the scope of the tax to use by purchasers and, thus, excludes use by donees of gifts (Tax Law § 1101 [b] [7]). The Commission thus seeks to avoid the limitations on the use tax by levying the contested sales taxes. However, it would be inconsistent with the Legislature’s stated intent to tax use only by purchasers of out-of-State articles to allow the sales tax to cover these transactions.
Finally, we must ever be mindful that tax statutes of doubtful meaning are to be construed in favor of the taxpayer (Matter of American Cyanamid & Chem. Corp. v Joseph, 308 NY 259, 263; Dun & Bradstreet v City of New York, 276 NY 198, 204). Moreover, an administrative agency may not extend the meaning of statutory language to apply to situations not embraced within the statute (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 595; see, Matter of Jones v Berman, 37 NY2d 42, 53).
In view of our disposition we do not reach petitioner’s other contentions.
Accordingly, the order of the Appellate Division should be affirmed and the certified question answered in the negative.
*224 Chief Judge Wachtler and Judges Simons, Alexander, Hancock, Jr., and Bellacosa concur; Judge Kaye taking no part.
Order affirmed, with costs, and certified question answered in the negative.