OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 The issue in this case is whether the Department of Taxation and Finance (the Department) may tax the provision of overtime heat, ventilation and air conditioning (HVAC) services as a sale of "refrigeration and steam service” under Tax Law § 1105 (b). We conclude that section 1105 (b) authorizes a tax on a utility service only when furnished in an identifiable sale transaction as a commodity or article of commerce. The statute, therefore, does not authorize a tax on HVAC services provided by landlords incidental to the rental of office space. Accordingly, the order of the Appellate Division should be affirmed.
 

 Plaintiff, a partnership engaged in the practice of law, rented office space in Manhattan pursuant to a lease agreement calling for plaintiff to pay a fixed rent for the premises, which included the supply of HVAC services from 8:00 a.m. to 6:00 p.m. on regular business days. The lease further required plaintiff to pay "additional rent” for HVAC services during nonbusiness hours and days. The tax in dispute for the amount of additional rent for overtime HVAC services was imposed by the Department on the landlord and paid by plaintiff with the additional rent.
 

 Plaintiff commenced this declaratory judgment action challenging the Department’s authority to tax the supply of overtime HVAC services as a sale of "refrigeration and steam service” under section 1105 (b). The IAS Court granted plaintiff’s motion , for summary judgment and the Appellate Division affirmed. Our decision depends entirely on the construction to be given section 1105 (b) which provides:
 

 
 *661
 
 "[TJhere is hereby imposed and there shall be paid a tax of four percent upon * * *
 

 "(b) The receipts from every sale, other than sales for resale, of gas, electricity, refrigeration and steam, and gas, electric, refrigeration and steam service of whatever nature”.
 

 In construing section 1105 (b), as with any statute, we apply the basic rule that words "of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended”
 
 (We’re Assocs. Co. v Cohen, Stracher & Bloom,
 
 65 NY2d 148, 151;
 
 see, Price v Price,
 
 69 NY2d 8, 15; McKinney’s Cons Laws of NY, Book 1, Statutes § 94). When the particular statute is one which levies a tax, it is well established that it must be narrowly construed and that any doubts concerning its scope and application are to be resolved in favor of the taxpayer
 
 (see, Matter of Bloomingdale Bros, v Chu, 70
 
 NY2d 218, 223;
 
 Matter of American Cyanamid & Chem. Corp. v Joseph,
 
 308 NY 259, 263;
 
 Matter of Good Humor Corp. v McGoldrick,
 
 289 NY 452, 455). Thus, a taxing agency may not extend the meaning of legislation so as to permit the imposition of a tax in situations not embraced within the statute
 
 (see, Matter of Bloomingdale Bros, v Chu, supra,
 
 at 223).
 

 Applying these rules, it seems evident that if the words of section 1105 (b) are given their natural and most obvious meaning, the statute authorizes a tax only on the receipts from those transactions which can be identified as independent sales of utilities or utility services. Thus, by its plain import, the statute applies only to separate transactions which have as their primary purpose the furnishing of utilities or utility services. The Department would broaden the reach of section 1105 (b) and read into it by implication the authority to impose a tax not only on sales of utilities and utility services but also on rent paid when HVAC services are supplied by the landlord to the tenant purely as an incident to a lease of premises. The Department’s broad construction, however, contravenes the accepted tenet that a tax statute must be strictly construed with any doubts being resolved in favor of the taxpayer
 
 (see, Matter of Bloomingdale Bros, v Chu, supra; Matter of American Cyanamid & Chem. Corp. v Joseph, supra; Matter of Good Humor Corp. v McGoldrick, supra).
 

 
 *662
 
 Our construction of section 1105 (b) as not applying to additional rental for HVAC services when supplied incidentally as part of the rental of premises is consistent with this Court’s interpretation of tax statutes in analogous circumstances. In
 
 Matter of Merchants Refrig. Co. v Taylor
 
 (275 NY 113), we held that the provision of refrigeration service as an incident of the rental of cold storage in a warehouse was not taxable as a sale of refrigeration service under the New York City sales tax. The Court noted that the purpose of the transaction was the rental of storage space, not the "sale of refrigeration or a sale of refrigeration service”
 
 (id.,
 
 at 119). In rejecting the City’s argument that the supply of refrigeration was a taxable sale, the Court concluded that "[t]he temperature may attract customers and increase the charge but safe storage is the service sought and paid for”
 
 (id.,
 
 at 119;
 
 see, Matter of Holmes Elec. Protective Co. v McGoldrick,
 
 262 App Div 514, 517,
 
 affd
 
 288 NY 635 [burglar alarm service involving the transmission of signals over telephone lines not taxable as "telephonic or telegraphic” service since the purpose of the service is the "protection of the customers’ premises” and not "the sale of electric, telephone or telegraph service”];
 
 see also, Matter of Time, Inc. v Michael,
 
 91 AD2d 965,
 
 confirming
 
 City Audit No. UB 10437 [overtime HVAC charges are subject to the City’s commercial rent or occupancy tax and not the section 1105 (b) sales tax since section 1105 (b) imposes a tax on utilities when sold as commodities or articles of commerce —not when provided as part of the rental]).
 

 Here, the HVAC services in question are furnished under a lease agreement for the rental of office space. In section 12.01 of the lease, the landlord agrees to furnish to the premises "sufficient chilled or hot water as may be necessary to maintain a reasonably comfortable occupancy of the Premises” during business hours on business days. Section 12.02 simply provides that if the tenant requires HVAC services at times other than business hours on business days, then "as long as this Lease is in full force and effect, Landlord shall furnish the same upon advance notice from Tenant, given prior to 2:30 P.M. on any business day, and Tenant shall pay Landlord’s then established charges therefor as Additional Rent on demand.” There is no question that the HVAC is furnished solely as an incident of the leasehold and for the purpose of assuring that the leased premises are maintained at a reasonably comfortable temperature for use by the tenant. Section 12.02 can in no way be construed as a sales clause and
 
 *663
 
 nothing in the lease agreement suggests that the overtime HVAC services are to be sold separately or to be furnished in any transaction independent of the lease. For these reasons we agree with the IAS Court that the furnishing of HVAC services cannot be taxed as a sale.
 

 The Department’s position that all of the overtime services are subject to tax leads to the taxation of services that are clearly outside of its scope. The Department’s only statutory basis for taxing the overtime supply of HVAC under section 1105 (b) is that such supply constitutes a sale of "refrigeration and steam service”. But, steam and refrigeration costs constitute only a minor component of the landlord’s charges for heating and air conditioning which include purchase of electricity, labor, maintenance, depreciation and overhead and furnishing of ventilation and air circulation. Indeed, on many occasions, the landlord’s charges for HVAC on which the Department bases its tax, are for providing only ventilation and air circulation which have no connection with steam or refrigeration and could not be taxable under section 1105 (b).
 

 Moreover, the Department’s decision to tax the landlord’s supply of overtime HVAC as the sale of "refrigeration and steam service” to the tenant is inconsistent with the Department’s position in imposing a sales tax under section 1105 (b) on the landlord’s acquisition of its supply of steam from Consolidated Edison. The provision of steam by Consolidated Edison to the landlord can only be taxed under section 1105 (b) if it is a "sale, other than * * * for resale”. Presumably, in taxing the Consolidated Edison-landlord transaction, the Department’s position is that it
 
 is not a sale for resale.
 
 This position is obviously at odds with its contention here that the landlord’s furnishing of "refrigeration and steam service” to plaintiff
 
 is a sale
 
 under section 1105 (b).
 

 The Department’s imposition of the tax on overtime HVAC services is also inconsistent with its decision not to tax these same services when supplied during business hours on business days as part of the rental of the premises. Daytime and overtime HVAC are indistinguishable; they involve the same services; both are provided as an incident of the lease agreement. That a separate additional rent is charged for it does not alter the fact that the overtime HVAC is furnished as a part of the rental of the premises and provides no rational basis for treating it differently from business hour HVAC under section 1105 (b).
 

 
 *664
 
 The Department argues, however, that because it has adopted a regulation authorizing the taxation of the furnishing of air conditioning as a sale of refrigeration service under section 1105 (b)
 
 (see, 20
 
 NYCRR 527.2 [c]) that its interpretation must be upheld so long as it has a rational basis
 
 (see, Matter of John P. v Whalen,
 
 54 NY2d 89, 95). We have held, however, that interpretations of the agency charged with administering a statute are not entitled to such deference when, as here, the issue is one of pure statutory construction
 
 (see, Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451).
 
 [1]
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Acting Chief Judge Simons and Judges Titone, Hancock, Jr., Bellacosa and Weiss
 
 [2]
 
 concur; Judges Kaye and Smith taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Because we conclude that a tax on HVAC services is not authorized under section 1105 (b) of the Tax Law, we need not decide whether imposition of such a tax in addition to the City’s imposition of a commercial rent tax results in double taxation.
 

 [2]
 

 . Designated pursuant to NY Constitution, article VI, § 2.