■ GTE SPACENET CORPORATION, Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants. [638 NYS2d 29] —Order and judgment (one paper), Supreme Court, New York County (William Davis, J.), entered October 13, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment and declared that plaintiff's predecessors-in-interest are subject to taxation during years 1981 through 1986 under Tax Law §§ 209 and 209-B and not under Tax Law

§§ 183, 183-a, 184 and 184-a, unanimously affirmed, without costs.

Since the evidence demonstrates that plaintiff's predecessors-in-interest—ASC Telecommunications, Inc. ("Telecommunications") and Contel Satellite Corporation ("Satellite")—were engaged in the investment business and were not engaged in the conduct of any of the businesses enumerated in Tax Law §§ 183, 183-a, 184 and 184-a, they are not subject to the franchise taxes imposed pursuant to these sections of the Tax Law (*see, e.g. Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657). While Telecommunications and Satellite were the general partners of the partnership American Satellite Company, which arguably engaged in activities enumerated in Tax Law §§ 183, 183-a, 184 and 184-a, the general partners were mere passive investors and did not participate in the day-to-day management or operations of American Satellite Company. Indeed, defendants' own field audit report describes Satellite as "a holding company with its exclusive business being a 50% ownership of American Satellite Company, a partnership." Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.