In the Matter of DRESSER-RAND COMPANY, Appellant, v NANCY CHAMPLIN, as Assessor of City of Olean, et al., Respondents. [833 NYS2d 821]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered January 3, 2006 in a proceeding pursuant to RPTL article 7. The order granted respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part, granting the petition in part and reducing the assessment for the 2005 tax year to $495,000 and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to RPTL article 7 seeking, inter alia, a reduction of the assessment of the fair market value of its property for the 2005 tax year or, in the alternative, to modify the "Stipulation of Settlement and Order" (stipulation) by reducing the stipulated fair market value of the property. Supreme Court granted respondents' motion to dismiss the petition on the ground that the stipulation "binds the parties concerning the litigation over the assessment of this parcel through the tax year 2007." We conclude that the court properly granted the motion insofar as the petition seeks to reduce the assessment of the fair market value of the property. As the court properly determined, the stipulation conclusively establishes a defense to the request for that relief. Petitioner's reliance on RPTL 727 is misplaced, because there was no "physical change" to the property (RPTL 727 [2] [c]), nor was the property altered as a result of "fire, demolition, destruction or similar catastrophe" (RPTL 727 [2] [e]). Finally, petitioner's reliance on the doctrines of mutual mistake and unilateral mistake is not supported by the record.

We agree with petitioner, however, that the court erred in granting the motion insofar as the petition seeks to apply an equalization rate of 9% to the agreed-upon fair market value of the property in determining petitioner's assessment for the 2005 tax year, and we conclude that the petition should be granted in that respect. We therefore modify the order accordingly. The stipulation is ambiguous with respect to the applicable equalization rate, and we must construe that ambiguity in favor of the taxpayer (*see Matter of Bloomingdale Bros. v Chu*, 70 NY2d 218, 223 [1987]). We decline to address that part of the petition seeking to apply an equalization rate of 9% for the 2006 and 2007 tax years because the record is silent with respect to the equalization rate for those tax years. Present—Hurlbutt, J.P., Martoche, Lunn, Peradotto and Green, JJ.