In the Matter of CAREY TRANSPORTATION, INC., Petitioner, *v.* FIORAVANTE G. PERROTTA, as Finance Administrator of the City of New York, Respondent.

First Department, April 30, 1970.

*David E. Schwab, II*, of counsel (*Morton L. Price* with him on the brief; *Harold J. Drescher*, attorney), for petitioner.

*Isaac C. Donner* of counsel (*Samuel J. Warms* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

NUNEZ, J. In this article 78 proceeding petitioner, Carey Transportation, Inc., seeks to annul a determination of respondent Finance Administrator of the City of New York denying Carey's claim for a refund of $4,583.36 paid under title Q

(Q41–1.0 to and including Q41–18.0) of chapter 41 of the Administrative Code of the City of New York ("City Utility Tax Law") which provides for a tax of 1% of the gross operating revenues derived from the operation of omnibuses carrying more than seven persons operating wholly within the City of New York during the period from September 1, 1956 to and including August 31, 1958 (the "Tax Period"). Concededly, petitioner operates buses of this character. There is no dispute as to this or any other factual issue.

Carey made application to respondent for a refund of part of the tax paid claiming that the City of New York had received its authority from the State Legislature to impose a utility tax "such as" is imposed by section 186-a of the New York State Tax Law which, during the Tax Period, contained a specific exemption of the first $125,000 of gross operating revenue in each quarter-annual period from the utility tax imposed by said section 186-a. Respondent denied Carey's claim for refund for the reasons that (a) with respect to the taxes paid for that portion of the Tax Period beginning September 1, 1956 and ending September 30, 1957, the application for refund was not filed with the Comptroller within one year from the date of payment of the tax, as required by the City Utility Tax Law, and (b) the basis of the claim was deemed to be untenable.

Respondent thereafter held a formal hearing to review his determination. At this hearing the parties stipulated to limit the Tax Period to the period between October 1, 1957 and August 31, 1958 thereby removing from contention that portion of the refund claim which was denied for the reason that it had been made more than one year after the payment of the tax. The claim for refund was accordingly reduced to $4,583.36. Following the hearing respondent denied the claim for refund.

The City Utility Tax Law was enacted pursuant to section 20-b of the General City Law which enabled the City of New York to adopt a local law imposing a tax on utilities, such as the tax imposed on utilities by section 186-a of the Tax Law, subject, however, to the restrictions that (i) the city's tax shall not exceed 1% of gross operating income, (ii) it shall have application only within the territorial limits of the city, and (iii) all of the provisions of section 186-a, so far as the same are or can be made applicable, shall apply.

Section 186-a of the Tax Law provided that in computing its gross operating income for the period covered by each quarterly return any utility engaged in the business of operating omnibuses having a seating capacity of more than seven passengers may exclude from its receipts, otherwise includable in each such

return, the amount of $125,000 and thereby the base for the tax was the gross operating income less $125,000 per quarter. Carey was, therefore, entitled to exclude from its gross operating income taxable under the City Utility Tax Law for the Tax Period in question the sum of $458,336, which is the total computed at the rate of $125,000 per quarter for said Tax Period. One percent of this figure gives the $4,583.36 refund to which we hold Carey is entitled.

Respondent was empowered to impose a tax upon Carey's gross income during the Tax Period herein involved only by virtue of section 20-b of the General City Law and not by the general taxing power granted by the Legislature. We have so previously decided in *Matter of Brooklyn Union Gas Co.* v. *McGoldrick* (270 App. Div. 186 [1st Dept., 1945], affd. without opn. 298 N. Y. 536 [1948]).

Reference to the legislative history of subdivision 2-a of section 186-a does not bolster respondent's position. Governor HARRIMAN's message to the Legislature requested relief for omnibus companies that was eventually enacted as subdivision 2-a of section 186-a of the Tax Law. That message does not unequivocally assist in the interpretation of the unambiguous language in the legislation. For that reason legislative history should not be considered. Ordinarily courts will defer to legislative interpretation or interpretation given by the agency to the legislation that it administers. However, the rule is otherwise with respect to a statute that levies a tax: " In determining the meaning of these taxing statutes we must be guided by the rule of construction which provides: ' A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the  meaning of the act defeats the tax.' " (*Matter of Brooklyn Union Gas Co.* v. *McGoldrick, supra*, p. 195.)

Although we find none, if doubt there were as to the applicability of the $125,000 quarterly exemption, the rule of construction requires that the doubt be resolved in favor of the petitioner taxpayer.

Determination denying petitioner's claim for a tax refund should be annulled on the law with costs and disbursements and refund in the sum of $4,583.36 granted.

STEUER, J. (dissenting). We dissent and would confirm the determination of the Finance Administrator.

In this article 78 proceeding the petitioner seeks to annul a determination of respondent Finance Administrator of the City

of New York denying its application for a refund amounting to approximately $4,500. The tax was exacted and paid pursuant to City Utility Tax Law (Administrative Code of the City of New York, § Q41–1.0 *et seq.*) which provides for a tax of 1% of the gross operating revenues derived from the operation of omnibuses carrying more than seven persons operating wholly within the city limits. Concededly petitioner operates buses of this character and the refund sought represents a percentage of the 1% of its gross operating revenue which it paid.

The city's right to impose such a tax is derived from section 20-b of the General City Law which allows cities to impose a tax such as is imposed by the State pursuant to section 186-a of the Tax Law, except that the rate of the city tax shall not exceed 1% of gross operating income. All of the provisions of section 186-a are made applicable with '' such modifications as may be necessary in order to adapt such taxes to local conditions ''.

From 1956 through 1959 there was in effect a statute known as subdivision 2-a of section 186-a of the Tax Law. This statute in regard to the State tax on bus revenues authorized an exclusion of $125,000 from the gross revenues for each quarter annual period. The refund here sought would give the petitioner the benefit of that exclusion. (This would normally be $15,000, but by virtue of limitations petitioner's claim is concededly limited as indicated.)

The question, both from the standpoint of the amount involved and the fact that the exclusion was repealed in 1959 and hence the question cannot arise again, is more difficult than significant. Nevertheless it calls for decision. That question narrowly stated is: Does the limitation making all of the provisions of 186-a applicable to the authorization of taxing power to the city include the exclusion provided in former subdivision 2-a. At the outset it should be noted that the direction that the city tax be '' such as '' the State tax does not require the former to be a carbon copy of the latter. In fact there are differences such as that one directs quarterly payments and the other monthly, but no one predicates invalidity on that ground. When section 186-a and subdivision 2-a of section 186-a are considered together, the plain meaning is that the rate of tax shall be 2% less a certain rebate. The city tax limit is fixed at 1%. The difference in rate is specifically excepted in the requirement for similarity. A literal reading of the statutes does not mandate that the same rebate, which effects a change in rate, should be applied to the city tax.

Nor does the purpose and legislative history of subdivision 2-a of section 186-a. That statute was enacted following a recommendation from the Governor that it was a desirable assistance to small bus companies servicing towns in the State (see N. Y. State Legis. Annual, 1956, p. 433). A similar bill had been passed (L. 1955, ch. 843) allowing cities to give tax relief to bus operators at the city's option. Surely this would indicate a legislative intent to restrict the rebate of subdivision 2-a of section 186-a to the State.

CAPOZZOLI and McGIVERN, JJ., concur with NUNEZ, J.; STEUER, J., dissents in an opinion which EAGER, J. P., concurs.

Determination annulled on the law, with $50 costs and disbursements, and refund in the sum of $4,583.36 granted.