■ CASTLE OIL CORPORATION et al., Respondents, v CITY OF NEW YORK, Appellant. [627 NYS2d 650] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered on or about February 22, 1994, which, upon the parties' respective motions for summary judgment, declared Local Laws, 1986, No. 3 of the City of New York (amending Administrative Code of City of NY § R46-2.0 [8] [b] [3] [now

§ 11-602 (8) (b) (3)]) unconstitutional, as of June 1, 1990, insofar as it prohibits deduction of petroleum taxes imposed pursuant to article 13-A of the Tax Law in determining New York City general corporation tax liability, unanimously affirmed, without costs.

In 1983, the State Legislature enacted article 13-A of the Tax Law (§ 301), imposing a petroleum tax on oil companies such as plaintiffs, and amended article 9-A (Tax Law § 208 [9] [b] [4]), which imposed a franchise tax, so as to disallow the deductibility of the petroleum tax from the corporate taxpayer's income. Local Law No. 3 of 1986 (amending Administrative Code § R46-2.0 [8] [b] [3] [now § 11-602 (8) (b) (3)]), was the resulting amendment of the City tax law to reflect a symmetrical disallowance of a deduction of any petroleum tax paid to the State for purposes of calculating City corporate taxes. The report of the City Council Finance Committee indicated that the purpose of Local Law No. 3 was to maintain the conformity of the City tax law with articles 9-A and 13-A of the Tax Law. However, in 1990, as part of a larger shuffling of revenue measures, the State Legislature amended articles 9-A (§ 208 [9] [b] [4] [L 1990, ch 190, §§ 212, 385 (q) (1)]) and 13-A (amending § 301 and adding § 301-a [L 1990, ch 190, §§ 215, 216, 385 (q) (1)]), mitigating an increase in the petroleum tax by deleting the disallowance of its deductibility for purposes of the franchise tax. The end result was to permit an oil company under State law to write off its payment of petroleum tax against its franchise tax income base, but the Administrative Code, which up to this time had been consistent with the Tax Law in this regard, was not similarly amended.

Plaintiffs contend that once the State law was amended, local law also had to be amended to comport with the intent and dictates of the original enabling legislation (L 1966, ch 772), from which the City derives its authority to levy corporate income taxes (NY Const, art IX, § 2 [c] [ii] [8]).

Although the enabling legislation does not affirmatively require that a validly enacted local law be amended to keep pace with changes in the referenced State statutes, such a result is logically compelled if the intent of the enabling legislation is not to be vitiated. In pertinent part, the enabling act (L 1966, ch 772, § 1, as amended by L 1967, ch 699, § 1) requires that a local law imposing taxes on general corporations shall substantially follow the Model Local Law contained in the enabling act, but "may be amended for the purpose of conforming it with similar provisions of article [9-A]" of the Tax Law as it then existed or may be amended.

We reject the City's reading of this legislation as permitting the City to conform its law with State law if it so chooses, and agree with the IAS Court that it authorizes the enactment of local corporate taxes along two tracks: either the local law *shall* substantially comport with the Model Local Law, or it *may* depart from the Model Local Law to impose a tax that conforms with article 9-A. Since the Model Local Law does not address the disallowance of deductions for taxes paid under article 13-A, the City, in order to justify such a disallowance, has to rely on the alternative track of conforming the Administrative Code in relevant part with article 9-A, which was a valid basis for the disallowance until the 1990 amendment of that statute. Thereafter, though, the Administrative Code lacked either a constitutional or a statutory basis upon which to ground its own disallowance, despite its original validity.

We have noted in the past the mandatory effect to be given provisions in similar enabling legislation requiring a direct nexus between a specified provision of the Tax Law and the exercise of specified local taxing authority (*Matter of Brooklyn Union Gas Co. v McGoldrick*, 270 App Div 186; *Matter of Carey Transp. v Perrotta*, 34 AD2d 147, *affd* 29 NY2d 814). Although the term actually employed in those statutes, authorizing local laws "such as" a referenced provision of the Tax Law, is not identical to the terms employed in the legislation presently under review, we discern no manifest difference in the intent and purposes of these various statutes: that while the taxing authorities may comprise different regimes, the local law intrinsically is subordinate to, and must continuously comport with, the specifically referenced State law. The failure to amend the local law accordingly renders it, to that extent, null and void. Concur—Rosenberger, J. P., Wallach, Williams and Tom, JJ.