*336 OPINION OF THE COURT
Ciparick, J.
Pursuant to State enabling legislation authorizing the City of New York to amend its general corporation tax to conform to provisions of the State Tax Law, the City amended its general corporation tax to prohibit deductions for payment of State petroleum tax. The issue on appeal is whether the City’s disallowance of this deduction is enforceable despite the subsequent repeal of the predicate State Tax Law provision supporting its enactment. We conclude that, under the terms of the enabling act, the City is no longer authorized to prohibit the deduction of payment of the petroleum tax.
I.
New York City’s general corporation tax, which is based on the net income of corporations doing business in the City, has a relatively recent history. Before 1966, the City imposed a tax on the gross receipts of corporations doing business within its borders. This tax was thought to produce unfair results because it was not tied to a company’s profitability, prompting City leaders to ask the State Legislature for the authority to impose a tax based on net income, rather than gross receipts. By a 1966 enabling act, the State Legislature granted the City the authority to enact local legislation imposing a net income tax on businesses in a form "substantially” following a Model Local Law appended to the enabling act (L 1966, ch 772). This Model Local Law was patterned after the State franchise tax of article 9-A (see generally, 5 Comeau, Heckelman & Helm, New York Tax Analysis § 142.21, at XI-205).
The following year, the enabling act was amended to give the City the added authority to amend its corporation tax "for *337 the purpose of conforming” it to article 9-A of the State Tax Law, as then in effect or as it might thereafter be amended:
"The terms of such local law or local laws shall be, substantially, as follows [in the Model Local Law] except that any such local law may be amended for the purpose of conforming it with similar provisions of article[ ] nine-A * * * of the tax law as presently in effect or as they may be amended” (L 1966, ch 772, § 1, as amended by L 1967, ch 699, §1).
This amendment was intended to provide a procedure that would apply if the State Legislature were to amend article 9-A. The City would then be authorized to enact a local law paralleling the new State law provision without the need for separate State enabling legislation (see, Mem of Budget Div, Bill Jacket, L 1967, ch 699 [amendment "will permit continuing conformity of the City tax provisions with * * * State tax statutes, without separate State enabling legislation each time there is a change in State law”]). Pursuant to the delegated taxing power, the City Council passed Local Law No. 21 of 1966, which established a general corporation tax that was based on the net. income of corporations doing business in New York City (codified as Administrative Code of City of NY § R462.0 et seq., replaced by § 11-602 et seq.).
The next statutory development relevant to this appeal occurred in 1983, when the State Legislature enacted a petroleum tax, set forth in article 13-A of the Tax Law, which was based on the gross receipts of petroleum companies (L 1983, ch 400, § 8). At the same time, the Legislature amended article 9-A to prohibit the deduction of the newly enacted article 13-A petroleum tax in calculating net income for article 9-A franchise tax purposes (L 1983, ch 400, § 5, amending Tax Law § 208 [9] [b] [4]). Following the lead of the State Legislature, the New York City Council amended its general corporation tax by Local Law No. 3 of 1986 to impose a parallel provision prohibiting the deduction of the article 13-A petroleum tax in calculating net income for purposes of the City tax (see, Local Law No. 3 of 1986, codified as Administrative Code § 11-602 [8] [b] [3], replacing § R46-2.0 [8] [b] [3]; see generally, Report of Finance Comm, reprinted in 1986 New York City Legis Ann, at 4 ["This bill would conform the city’s general and financial corporation taxes with their state counterparts to the extent of disallowing Article 13-A tax deductions”]).
*338 In 1990, the State Legislature restructured the article 13-A petroleum tax in an effort to increase revenues. Previously a gross receipts tax, the petroleum tax was converted to an excise tax computed on a cents-per-gallon basis (L 1990, ch 190, § 216, codified as Tax Law § 301-a). As part of this legislative restructuring of the petroleum tax, and in order to soften the anticipated fiscal blow to petroleum companies, the Legislature repealed, effective June 1, 1990, the provision of article 9-A that had prohibited the deduction of article 13-A petroleum taxes in calculating article 9-A franchise tax liability (L 1990, ch 190, §§ 212, 385 [q] [2] [repealing relevant portion of Tax Law § 208 (9) (b) (4)]). The net result of this amendment is that taxpayers are now permitted to deduct article 13-A petroleum taxes when calculating net income for purposes of the article 9-A franchise tax.
The corresponding provision of the City’s general corporation tax, which prohibits taxpayers from deducting article 13-A taxes when calculating net income (Administrative Code § 11-602 [8] [b] [3]), has not been similarly amended. According to that section, therefore, taxpayers are not permitted to deduct article 13-A taxes when calculating City tax liability.
Plaintiffs, petroleum companies that are subject to the State franchise and petroleum taxes and the City’s general corporation tax, instituted this declaratory judgment action seeking a declaration that section 11-602 (8) (b) (3) of the Administrative Code of the City of New York is unconstitutional insofar as it prohibits deduction of the petroleum tax. After both parties moved for summary judgment on the issue of the provision’s constitutionality, Supreme Court granted summary judgment to plaintiffs and declared section 11-602 (8) (b) (3), to the extent that it purports to prohibit deduction of article 13-A taxes, unconstitutional as of June 1, 1990. The Appellate Division affirmed, concluding that section 11-602 (8) (b) (3) "lack[s] either a constitutional or a statutory basis upon which to ground its own disallowance, despite its original validity” (Castle Oil Corp. v City of New York, 216 AD2d 60, 62). This Court granted leave to appeal and, for the reasons that follow, we affirm.
II.
Under our form of State government, the exclusive power of taxation is lodged in the State Legislature (NY Const, art XVI, § 1). A corollary to this basic rule is that municipalities such as the City of New York have no inherent taxing power, but only that which is delegated by the State (accord, NY Const, art IX, *339 § 2 [c] [8]). Moreover, the delegation of State taxing power to a municipality must be made in express terms by enabling legislation (see, NY. Const, art XVI, § 1; see also, County Sec. v Seacord, 278 NY 34, 37). Any tax imposed by the municipality "must be within the expressed limitations [of the enabling legislation] and, unless authorized, a tax so levied is constitutionally invalid” (Matter of United States Steel Corp. v Gerosa, 7 NY2d 454, 459 [citations omitted]; see, e.g., Matter of Carey Transp. v Perrotta, 34 AD2d 147, affd 29 NY2d 814; Matter of Brooklyn Union Gas Co. v McGoldrick, 270 App Div 186, affd sub nom. Matter of Brooklyn Union Gas Co. v Joseph, 298 NY 536).
Against this analytical backdrop, this case turns on a straightforward question of statutory interpretation: Does the enabling act require that New York City’s general corporation tax maintain continued conformity with the Model Local Law or article 9-A of the State Tax Law? The City argues that since Local Law No. 3 of 1986 (codified as Administrative Code § 11-602 [8] [b] [3]) was authorized when enacted, it remains enforceable notwithstanding the subsequent repeal of its predicate State law provision. Plaintiffs counter that section 11-602 (8) (b) (3) is unconstitutional insofar as it no longer conforms to any provision of the Model Local Law or article 9-A as amended in 1990.
We agree with plaintiffs and the courts below that the enabling act requires continuing conformity with either the Model Local Law or a provision of article 9-A. This conclusion follows from the plain language of the enabling act, which states that the City’s general corporation tax shall "substantially” follow the Model Local Law, but "may be amended for the purpose of conforming it with similar provisions of article[ ] 9-A [of the State Tax Law] * * * as presently in effect or as they may be amended” (L 1967, ch 699, § 1). Manifest in this statutory framework is the legislative intention that the City tax will always conform either to the Model Local Law or to the State Tax Law. Indeed, the whole purpose of the 1967 amendment to the enabling act was to facilitate the City in "conforming” its local corporation tax to subsequently adopted provisions of article 9-A (see, Mem of Budget Div, Bill Jacket, L 1967, ch 699 [amendment "will permit continuing conformity of the City tax provisions with * * * State tax statutes, without separate State enabling legislation each time there is a change in State law”] [emphasis added]).
For section 11-602 (8) (b) (3) to fall within the parameters of the enabling act, therefore, it must derive its authority from a *340 provision of the Model Local Law or article 9-A of the State Tax Law. The Model Local Law, however, contains no provision prohibiting the deduction of article 13-A taxes, so section 11-602 (8) (b) (3) must find its authorization, if at all, in a provision of article 9-A. Such a provision existed in article 9-A from 1983 to 1990 when then Tax Law § 208 (9) (b) (4) prohibited the deduction of article 13-A taxes. However, once the State repealed that provision, the necessary State law predicate for the City’s prohibition of the deduction was eliminated (accord, Matter of Carey Transp. v Perrotta, 34 AD2d 147, 149, affd 29 NY2d 814, supra [where local tax was required to conform with State tax, local tax was void to the extent it purported to disallow exclusion recognized by State Tax Law]). The subsequent enforcement of section 11-602 (8) (b) (3) transgresses the fixed parameters and exceeds the authorization of the enabling act, and therefore violates article XVI, § 1 of the State Constitution.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Simons, Bellacosa, Smith and Levine concur; Chief Judge Kaye and Judge Titone taking no part.
Order affirmed, with costs. .