[3 NE3d 121, 980 NYS2d 55]

EXPEDIA, INC., et al., Respondents, et al., Plaintiffs, v CITY OF NEW YORK DEPARTMENT OF FINANCE et al., Appellants.

Argued October 9, 2013; decided November 21, 2013

### POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Andrew G. Lipkin* and *Joshua M. Wolf* of counsel), for appellants. The decision of the Appellate Division should be reversed because Local Law No. 43 (2009) of City of New York was undeniably within the scope of the authority granted to the City by the enabling act. (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *People v Cook*, 34 NY2d 100; *Samiento v World Yacht Inc.*, 10 NY3d 70; *Reiter v Sonotone Corp.*, 442 US 330; *FCC v Pacifica Foundation*, 438 US 726; *Matter of Capital Cities Communications v State Tax Commn.*, 65 AD2d 25; *Criscione v City of New York*, 97 NY2d 152; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95; *Cohen v Lord, Day & Lord*, 75 NY2d 95.)

*Jones Day*, New York City (*Todd R. Geremia* and *Robert W. Gaffey* of counsel), *Jones Day*, Dallas, Texas (*James P. Karen* and *David E. Cowling* of counsel), *McDermott Will & Emery LLP*, New York City (*Lindsay M. LaCava* of counsel), *McDermott Will & Emery LLP*, Chicago, Illinois (*Catherine A. Battin* and *Nathaniel L. Whalen* of counsel), *Alston & Bird LLP*, New York City (*Joseph G. Tully* of counsel), and *Alston & Bird LLP*, Dallas, Texas (*Jon G. Shepherd* of counsel), for respondents. I. Local Law No. 43 (2009) of City of New York is not authorized by the enabling legislation. (*Matter of Good Humor Corp. v McGoldrick*, 289 NY 452; *American Locker Co. v City of New York*, 308 NY 264; *Matter of Carey Transp. v Perrotta*, 34 AD2d 147; *Matter of Brooklyn Union Gas Co. v McGoldrick*, 270 App Div 186; *Compass Adjusters & Investigators v Commissioner of*

*Taxation & Fin. of State of N.Y.*, 197 AD2d 38; *Matter of United States Steel Corp. v Gerosa*, 7 NY2d 454; *Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657; *Samiento v World Yacht Inc.*, 10 NY3d 70; *People v Cook*, 34 NY2d 100.) II. The legislature's enactment of, and prior failure to enact, a new hotel room occupancy tax shows the City lacked authority to enact Local Law No. 43 (2009) of City of New York. (*Nostrom v A.W. Chesterton Co.*, 15 NY3d 502; *Matter of ATM One v Landaverde*, 2 NY3d 472; *People v Rice*, 44 AD3d 247; *Matter of United States Steel Corp. v Gerosa*, 7 NY2d 454; *Waste-Stream Inc. v St. Lawrence County Solid Waste Disposal Auth.*, 167 Misc 2d 542; *Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270; *National Org. for Women v Metropolitan Life Ins. Co.*, 131 AD2d 356; *Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657; *Matter of Good Humor Corp. v McGoldrick*, 289 NY 452.) III. Four decades of past practice further show that the City did not have authority to enact Local Law No. 43 (2009) of City of New York. (*Grimmer v Tenement House Dept. of City of N.Y.*, 205 NY 549; *Matter of City of New York v State of New York*, 282 AD2d 134; *Matter of Plato's Cave Corp. v State Liq. Auth.*, 68 NY2d 791; *Matter of Siemens Corp. v Tax Appeals Trib.*, 217 AD2d 247; *BLF Realty Holding Corp. v Kasher*, 299 AD2d 87; *People v Pagan*, 76 AD3d 414; *Matter of DiBattista v McDonough*, 80 AD3d 936; *Matter of Kennedy v Kennedy*, 195 AD2d 229; *Matter of Guardian Life Ins. Co. of Am. v Chapman*, 302 NY 226; *Bingham v New York City Tr. Auth.*, 99 NY2d 355.)

## OPINION OF THE COURT

RIVERA, J.

The City of New York appeals from an order of the Appellate Division holding Local Law No. 43 (2009) of City of New York, a hotel room occupancy tax applicable to online travel companies, unconstitutional (*Expedia, Inc. v City of N.Y. Dept. of Fin.*, 89 AD3d 640 [1st Dept 2011]). Plaintiffs are a group of travel companies that enable customers to make online travel arrangements, including hotel reservations. Plaintiffs claim that the City lacks authority to tax the fees they collect from their customers. The City contends that the state legislature authorized Local Law 43 through enabling legislation.

We hold that the City had the authority to enact the tax, and the Appellate Division erred when it declared the tax unconstitutional.

## I.

State law authorizes New York City to tax the "rent or charge" for hotel room occupancy. The enabling statute provides:

> "Notwithstanding any other provision of law to the contrary, any city having a population of one million or more is hereby authorized and empowered to adopt and amend local laws imposing in any such city a tax in addition to any tax authorized and imposed pursuant to article twenty-nine of the tax law such as the legislature has or would have the power and authority to impose on persons occupying hotel rooms in such city." (CLS Uncons Laws of NY, ch 288-C, § 1 [1], as added by L 1970, ch 161, § 1, as amended.)

This statute allows the City to tax up to six percent "of the rent or charge per day" for each hotel room (CLS Uncons Laws of NY, ch 288-C, § 1 [1-a]). The statute authorizes the City to collect these taxes from the hotel operator or any "person entitled to be paid the rent or charge for the hotel room" (CLS Uncons Laws of NY, ch 288-C, § 1 [3]). Under this enabling statute, the City has taxed hotel rent since 1970, charging hotel operators based on the daily rent charged (*see* Local Law No. 15 [1970] of City of NY § 1).

In 2009, the New York City Council amended its hotel occupancy tax to capture revenue from fees charged to customers as rent by third-party travel companies, known under the law as "room remarketers" (Local Law No. 43 [2009] of City of NY § 1). Local Law 43 defined "rent" as:

> "[t]he consideration received for occupancy valued in money, whether received in money or otherwise, including all receipts, cash, credits, and property or services of any kind or nature, *including any service and/or booking fees that are a condition of occupancy*" (*id.* [emphasis added]).

Thus, Local Law 43 taxed the total rent or charge paid by a hotel occupant, including sums paid directly to third parties.[1]

Plaintiffs are travel companies taxed as "room remarketers" under Local Law 43. They brought a declaratory judgment

---

1. Local Law 43 also defined as "net rent" the portion of rent paid directly to a hotel operator (Local Law No. 43 [2009] of City of NY § 2). It defined as "additional rent" the portion of rent paid to the room remarketer (*id.*).

action in Supreme Court challenging the constitutionality of the tax. Alternatively, plaintiffs argued that the law did not apply to them because their service fees are not "rent" within the meaning of the state enabling legislation.

Supreme Court granted the City's motion to dismiss the first cause of action challenging the facial constitutionality of the law. The court determined that the plain language of the state statute authorized the City's tax.

Plaintiffs appealed, and the Appellate Division reversed. According to the Appellate Division, the enabling legislation did not "clearly and unambiguously provide the City with broad taxation powers" to tax the plaintiffs' fees (*Expedia*, 89 AD3d at 641). Construing the enabling statute narrowly, the Appellate Division concluded that taxing remarketers' fees was beyond its scope, and held that the City's tax was unconstitutional (*id.*).

The City sought leave to appeal to this Court, which we denied because an appeal lay as of right under CPLR 5601 (b) (1) (20 NY3d 904 [2012]). While the case was pending before the Appellate Division, the state legislature's 2010 budget law explicitly authorized the City's tax on hotel remarketers (L 2010, ch 57, part AA, §§ 6-11). Thus, the current appeal, like the case before the Appellate Division, concerns only the City's power to tax during the period between the 2009 enactment of Local Law 43 and the 2010 budget legislation.

On appeal, the City argues that the original enabling legislation provided ample authority for taxing the room remarketers. According to the City, the statute granted the full scope of the State's tax power for the purposes of taxing any hotel "rent or charge." The City claims that remarketers' booking fees, defined in Local Law 43 as a "condition of occupancy," fall squarely within this authority. Moreover, the City argues that the enabling act authorizes it to collect the tax from the plaintiffs. The City maintains that the plaintiffs are "person[s] entitled to be paid the rent or charge for the hotel room," and that the statute accordingly allows the City to tax them.

The City also argues that the enabling statute grants the City the authority to fill gaps in the statutory language. This authority allows the City to define novel terms such as "remarketer," "net rent," and "additional rent."

Plaintiffs counter that the City lacks the statutory authority to tax their fees and that Local Law 43 is thus unconstitutional. They argue that Local Law 43 attempted to tax a service fee

under the guise of a tax on hotel rent, and the enabling statute does not support such a broad tax. They contend that the State's definition of "rent" for the purposes of the sales tax constrains the City's authority to enact a hotel occupancy tax and prohibits a tax on third-party fees.

Further, plaintiffs argue that the City can only collect the occupancy tax from a hotel operator, not from third parties. According to plaintiffs, decades of taxation practice have established that only hotel operators must pay the tax, and the City cannot now change this practice without the state legislature's approval.

Finally, plaintiffs argue that legislative history supports their case. In 2007, the state legislature rejected a bill that would have authorized the taxation of hotel booking fees. In 2010, after the plaintiffs brought this declaratory judgment action, the legislature passed such an act. According to the plaintiffs, this sequence of events establishes that the legislature did not believe the City had authorization to tax those fees under the original enabling legislation.

## II.

The plaintiffs' facial constitutional challenge to Local Law 43 is without merit. The plain language of the 1970 enabling statute authorizes the City to impose "a tax . . . such as the legislature has or would have the power and authority to impose on persons occupying hotel rooms in [the] city" (CLS Uncons Laws of NY, ch 288-C, § 1 [1]). The City properly exercised this broad authority when it enacted Local Law 43.

In New York, local governments lack an independent power to tax. The State Constitution vests the taxing power in the state legislature and authorizes the legislature to delegate that power to local governments (NY Const, art XVI, § 1; *City of New York v State of New York*, 94 NY2d 577, 591 [2000]; *Castle Oil Corp. v City of New York*, 89 NY2d 334, 338-339 [1996]; *Sonmax, Inc. v City of New York*, 43 NY2d 253, 257 [1977]; *County Sec. v Seacord*, 278 NY 34, 37 [1938]). The State Constitution places fundamental limitations on such delegations. The legislature must describe with specificity the taxes authorized by any enabling statute. (NY Const, art XVI, § 1; *Castle Oil Corp.*, 89 NY2d at 339). In turn, local governments can only levy and collect taxes within the expressed limitations of specific enabling legislation (NY Const, art IX, § 2 [c] [8]; *Matter of United States Steel Corp. v Gerosa*, 7 NY2d 454, 459 [1960]).

As a general rule, tax statutes should be strictly construed and limited to their terms, which should not be extended by implication (*Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.*, 83 NY2d 240, 244 [1994]; *Matter of American Cyanamid & Chem. Corp. v Joseph*, 308 NY 259, 263 [1955]; *Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 204 [1937]; McKinney's Cons Laws of NY, Book 1, Statutes § 313 [b]). Any ambiguity in a tax law should be resolved in favor of the taxpayer and against the taxing authority (*Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661 [1993]).

Here, the legislature granted the City broad authority to enact an occupancy tax, and the City properly exercised that authority. The enabling statute extended to the City a taxing power coextensive with that of the State (CLS Uncons Laws of NY, ch 288-C, § 1 [1]; *cf. People v Cook*, 34 NY2d 100, 111-112 [1974]). Moreover, the statute authorized a broad range of taxation. Under the statute, the City may tax a "rent *or charge*," and it may collect the tax from a hotel "owner *or . . . person entitled to be paid the rent or charge*" (CLS Uncons Laws of NY, ch 288-C, § 1 [3] [emphasis added]). Nonetheless, the legislature set constitutionally appropriate limitations on the enabling grant: the City may *only* tax the "rent or charge" paid for hotel occupancy (*id.*). Although not defined in the enabling act, hotel "rent" generally means "[t]he consideration received for occupancy" (Tax Law § 1101 [c] [6]), and, following noscitur a sociis, "charge" must also refer to a fee paid for occupancy. Under the enabling grant, the City enacted a tax on third-party fees that are made "a condition of occupancy" (Local Law No. 43 [2009] of City of NY § 1). In other words, the City enacted a tax on a hotel rent or charge.[2]

Plaintiffs' argument that Local Law 43 improperly taxes service fees and not rent is without merit. By its terms, Local Law 43 applies only to fees required for occupancy. The City concedes that it cannot use Local Law 43 to tax fees or costs for goods or services that are separate and independent from occupancy or

---

**2.** The dissent mistakes Local Law 43 for a tax on the online companies' service fees, which, according to the dissent, are not a consideration for occupancy of a hotel room. Local Law 43 imposes a tax on monies paid as a requirement for occupancy, whether those funds are characterized as "rent" or as a "charge" (*see* CLS Uncons Laws of NY, ch 288-C, § 1 [3]). Indeed, shortly after the City passed Local Law 43, the State passed legislation taxing the very same charge (L 2010, ch 57, part AA, §§ 6-11).

physically external to the hotel room.[3] However, the City may tax any service fee that is a "condition of occupancy." To the extent that the plaintiffs' fee is not a precondition for room occupancy, it would not fall under the taxing authority of Local Law 43. However, where the plaintiffs' charge is, indeed, "a condition of occupancy," it falls squarely within the category of payments subject to taxation as a "rent or charge." Furthermore, insofar as plaintiffs are "entitled to be paid the rent or charge for the hotel room," the City may collect the tax directly from plaintiffs.

Online travel companies like the plaintiffs have successfully reshaped the way people book travel. Now, a customer can conveniently and efficiently search the plaintiffs' websites for a hotel room and reserve it with the click of a button. While it may no longer seem novel to reserve a hotel room online, this innovation revamped the industry, and the industry players have reaped considerable profits. However, this innovation has not changed the main purpose of a hotel reservation process: selecting and paying for a room for future occupancy. Local Law 43 adheres to its enabling purpose, the taxation of hotel occupancy rent and charges, by taxing everything a hotel occupant actually pays for occupancy when booking online.

Contrary to plaintiffs' argument, the 2010 state law does not provide proof that the City lacked authority to enact Local Law 43. The fact that the State later endorsed the City's tax does not affect our analysis. As long as the City had authority under the original enabling act to pass Local Law 43, the fact that the State later authorized the City to tax online service fees is irrelevant. The City either had or did not have the authority to tax hotel remarketers. We decide today that the City had the authority under the plain language of the 1970 enabling statute to tax hotel occupancy fees.

Local Law 43 is not unconstitutional because the state legislature granted the City broad authority to impose a tax on hotel occupants, and Local Law 43 taxes only payments for the occupancy of a hotel room. Accordingly, the order of the Appellate Division should be reversed with costs, and the order of the Supreme Court reinstated.

---

**3.** For example, the City may tax the fee paid for using a safe located within the hotel room but not the fee paid for using a safe located in the hotel's lobby, unless the cost of using the lobby safe is included in the rent paid for room occupancy (*see* NY City Dept of Fin Mem 08-1).

PIGOTT, J. (dissenting in part). Local Law No. 43 (2009) of City of New York runs afoul of the enabling legislation (*see* CLS Uncons Laws of NY, ch 288-C, § 1, as added by L 1970, ch 161, § 1, as amended) to the extent that it imposes a tax on the fees earned by room remarketers, like plaintiffs, for assisting their customers in finding, and facilitating the rental of, a hotel room, as opposed to taxation on the room itself. Therefore, I respectfully dissent.

The enabling legislation provides, as relevant here, that

> "[n]otwithstanding any other provision of law to the contrary, any city having a population of one million or more is hereby authorized and empowered to adopt and amend local laws imposing in any such city a tax in addition to any tax authorized and imposed pursuant to [Tax Law article 29] such as the legislature has or would have the power and authority to impose on persons occupying hotel rooms in such city" (CLS Uncons Laws of NY, ch 288-C, § 1 [1]).

The enabling statute delineates a formula for the calculation of the tax based upon the price of the room (*id.* § 1 [1] [a], [b]), and then goes a step farther, stating that, "[i]n addition to the tax imposed at the rates authorized in either [§ 1 (1) (a) and (b)] . . . , any local law imposing such tax may impose an additional tax *on persons occupying hotel rooms* in such city as provided for in such subdivision one at a rate up to six percent of the *rent or charge per day for each such room*" (*id.* § 1 [1-a] [emphasis supplied]).

The local law plaintiffs challenge created a new class of individuals, i.e., "room remarketers," from whom a tax could be collected. A "room remarketer" is defined as "[a] person who reserves, arranges for, conveys, or furnishes occupancy . . . to an occupant for rent in an amount determined by such room remarketer . . . whether pursuant to a written or other agreement" (Local Law No. 43 § 2, codified at Administrative Code of City of NY § 11-2501 [12], as amended).

Plaintiffs, who consist of online travel companies, fall squarely within the definition of "room remarketers." They challenge Local Law 43 on two grounds, namely, that it improperly requires the taxation of the fees that they earn while acting as a third-party intermediary between the hotel operator and the room occupant, and that it impermissibly requires them to collect and remit the taxes imposed on the rental of the room. In my view, only plaintiffs' first argument has merit.

Local Law 43 must be viewed through the prism of the enabling legislation because the City may not impose a tax outside the expressed limitations of the enabling statute (*see Castle Oil Corp. v City of New York*, 89 NY2d 334, 339 [1996]). As relevant here, the local law expanded the definition of "rent"—which previously had been defined as including, among other things, "[t]he consideration received for occupancy valued in money, whether received in money or otherwise" (Administrative Code of City of NY § 11-2501 [7])—to also include "any service and/or booking fees that are a *condition of occupancy*" (Local Law No. 43 § 1 [emphasis supplied]). It also parsed the definition of rent into two subsections, "net rent" and "additional rent," the former being defined as "rent received by an operator from a room remarketer," and the latter defined as "[t]he excess of the rent received from an occupant by a room remarketer over the net rent" (Local Law No. 43 § 2).

Plaintiffs receive fees for their services in facilitating online hotel room rentals. The City claims that the enabling legislation permits it to tax these fees, the so-called "additional rent." I disagree. Affording the statute a narrow construction, as we must when examining legislation that imposes a tax (*see Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661 [1993]), it is my view that the City exceeded its authority by taxing the fees plaintiffs earned in facilitating hotel room rentals.

The majority relies on black letter law that tax statutes are to be strictly construed, and "should not be extended by implication" (majority op at 127), but then disregards these general principles and concludes that the enabling legislation granted the City "broad authority" to tax plaintiffs' fees (majority op at 127). However, the enabling statute permits the City to impose taxes only "on persons occupying hotel rooms in [the] city," and "at a rate up to six percent of the rent or charge per day *for each such room*" (emphasis supplied), and, therefore, the City does not possess the additional authority to tax the fees earned by online travel companies that facilitate the transaction itself.* Nor does the City have the excess authority to "tax any service

---

* Notably, the legislature understood that the enabling legislation did not require travel companies to collect sales tax on their charges to customers, and thus proposed legislation in 2007, two years before Local Law 43 was passed, to "require travel companies that rent hotel rooms online or by telephone to collect the sales tax on the markups and service fees charged to customers" (2007-2008 Executive Budget Briefing Book at 15,

fee that is a 'condition of occupancy' " (majority op at 128), since the enabling legislation is directed at "persons occupying hotel rooms" and the tax is based on "the rent or charge . . . for each such room." The payment of the fee does not constitute consideration "for each such room," but, rather constitutes a consideration between the operator and the third-party intermediaries like plaintiffs who assist the hotel operator in bookings. Therefore, in my view, Local Law 43 plainly exceeded the scope of the enabling statute.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur with Judge RIVERA; Judge PIGOTT dissents in part in an opinion in which Judge ABDUS-SALAAM concurs.

Order reversed, with costs, and the order of Supreme Court, New York County, reinstated.

---

http://www.budget.ny.gov/pubs/archive/fy0708archive/fy0708littlebook/ BriefingBook.pdf at 19 [in support of 2007 NY Senate-Assembly Bill S2110, A4310]). That legislation eventually passed in 2010, and thus the Local Law enacted in 2009 plainly exceeded the enabling statute at that time.