■ County of Nassau, on Behalf of Itself and All Others Similarly Situated, Respondent, v Expedia, Inc., et al., Appellants, et al., Defendant. [993 NYS2d 39]—

In an action to enforce certain provisions of the Nassau County Hotel Tax Law, to recover damages for conversion and unjust enrichment, and to impose a constructive trust, the defendants Expedia, Inc., Hotels.com GP, LLC, Hotels.com, L.P., Hotwire, Inc., Travelnow.com, Inc., Travelport, Inc., Trip Network, Inc., doing business as Cheaptickets.com, Internetwork Publishing Corp., doing business as Lodging.com, Orbitz, LLC, Orbitz Worldwide, Inc., Travelocity.com, LLC, Travelocity.com, LP, Site 59.com, LLC, Priceline.com, Incorporated, TravelWeb, LLC, and LowestFare.com LLC, appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 11, 2013, which granted the plaintiff's motion pursuant to CPLR article 9 for class certification of the action.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR article 9 for class certification of the action is denied.

The appellants are online sellers or resellers of hotel and motel accommodations. The appellants allegedly contract with

hotels and motels for rooms at negotiated discount rates and resell the rooms to members of the public at an increased rate. The plaintiff, County of Nassau, imposes a 3% hotel and motel occupancy tax on the daily rental rate for each room in Nassau County, pursuant to section 3 of title 24 of the Miscellaneous Laws of Nassau County (hereinafter the Hotel Tax), as authorized by the New York Tax Law § 1202 (hereinafter the Enabling Act). The plaintiff alleges that the appellants charge consumers the Hotel Tax based on "retail" room rental rates, but improperly remit tax amounts based on the lower, "wholesale" rates at which the appellants obtain the hotel rooms, keeping the difference for themselves. Accordingly, the plaintiff commenced this action seeking, inter alia, to fully enforce the Hotel Tax, and to recover damages for conversion and unjust enrichment. Thereafter, the plaintiff moved pursuant to CPLR article 9 for class certification to bring this action on behalf of itself and 55 New York local governmental entities which have enacted similar Hotel Tax laws under the Enabling Act since March 1, 1995, and have been treated similarly by the appellants. The Supreme Court granted the motion, and we reverse.

Pursuant to CPLR 901 (b), "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." "However, even where a statute creates or imposes a penalty, the restriction of CPLR 901 (b) is inapplicable where the class representative seeks to recover only actual damages and waives the penalty on behalf of the class, and individual class members are allowed to opt out of the class to pursue their punitive damages claims" (*Downing v First Lenox Terrace Assoc.*, 107 AD3d 86, 89 [2013]; *see Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604 [1987]). Nonetheless, the "waiver" exception to CPLR 901 (b) does not apply where a penalty is mandatory and cannot be waived (*Asher v Abbott Labs.*, 290 AD2d 208 [2002]).

Here, the plaintiff cannot obtain class certification of this action because, under the plaintiff's own Hotel Tax law, it is required to recover a "penalty" of 5% of the amount of the tax allegedly due from the appellants within the meaning of CPLR 901 (b), the recovery of which in a class action is not specifically authorized in the Hotel Tax law, and the imposition of which cannot be waived, as conceded by the plaintiff's representative during the deposition. Accordingly, the Supreme Court should have denied the plaintiff's motion pursuant to CPLR article 9 for class certification of this action.

The appellants' remaining contentions either are without merit, improperly raised for the first time in their reply brief (*see Fucile v L.C.R. Dev., Ltd.*, 102 AD3d 915 [2013]), or need not be addressed in light of our determination. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.