█ COUNTY OF NASSAU, on Behalf of Itself and All Others Similarly Situated, Respondent, v EXPEDIA, INC., et al., Appellants, et al., Defendant. [992 NYS2d 293]—

In an action to enforce certain provisions of the Nassau County Hotel Tax Law, to recover damages for conversion and unjust enrichment, and to impose a constructive trust, the defendants Expedia, Inc., Hotels.com GP, LLC, Hotels.com, L.P., Hotwire, Inc., Travelnow.com, Inc., Travelport, Inc., Trip Network, Inc., doing business as Cheaptickets.com, Internetwork Publishing Corp., doing business as Lodging.com, Orbitz, LLC, Orbitz Worldwide, Inc., Travelocity.com, LLC, Travelocity-.com, LP, Site 59.com, LLC, Priceline.com, Incorporated, TravelWeb, LLC, and LowestFare.com LLC, appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 13, 2012, which denied their motion pursuant to CPLR 3211 (a) (2) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to impose a constructive trust insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The appellants are online sellers or resellers of hotel and motel accommodations. The appellants allegedly contract with hotels and motels for rooms at negotiated discount rates and then resell the rooms to members of the public at an increased rate. The plaintiff, County of Nassau, imposes a 3% hotel and motel occupancy tax on the daily rental rate for each room in Nassau County, pursuant to section 3 of title 24 of the Miscellaneous Laws of Nassau County (hereinafter the Hotel Tax), as authorized by New York Tax Law § 1202 (hereinafter the Enabling Act). The plaintiff alleges that the appellants charge

consumers the Hotel Tax based on "retail" room rental rates, but improperly remit tax amounts based on the lower, "wholesale" rates at which the appellants obtain the hotel rooms, keeping the difference for themselves. Accordingly, the plaintiff commenced this action seeking to fully enforce the Hotel Tax, to recover damages for conversion and unjust enrichment, and to impose a constructive trust. The plaintiff also moved for class action certification in order to bring this action on behalf of itself and 55 New York local governmental entities which have enacted similar Hotel Tax laws under the Enabling Act since March 1, 1995. The issue of class action certification was decided in the companion appeal decided herewith (*see County of Nassau v Expedia, Inc.*, 120 AD3d 1181 [2014]).

The appellants contend that the branch of their motion which was pursuant to CPLR 3211 (a) (2) to dismiss the first cause of action seeking enforcement of the Hotel Tax against them for lack of subject matter jurisdiction should have been granted because, inter alia, the Enabling Act required the plaintiff to exhaust certain administrative remedies before judicial intervention could be obtained, and that the plaintiff failed to do so.

In New York, local governments do not have an independent power to tax. The New York Constitution vests the taxing power in the State Legislature and authorizes the Legislature to delegate that power to local governments (*see* NY Const, art XVI, § 1; *City of New York v State of New York*, 94 NY2d 577, 591 [2000]; *Castle Oil Corp. v City of New York*, 89 NY2d 334, 338-339 [1996]; *Sonmax, Inc. v City of New York*, 43 NY2d 253, 257 [1977]; *County Sec. v Seacord*, 278 NY 34, 37 [1938]). The New York Constitution places fundamental limitations on such delegations. The Legislature must describe with specificity the taxes authorized by any enabling statute (*see* NY Const, art XVI, § 1; *Castle Oil Corp. v City of New York*, 89 NY2d at 339). In turn, local governments can only levy and collect taxes within the expressed limitations of specific enabling legislation (*see* NY Const, art IX, § 2 [c] [8]; *Matter of United States Steel Corp. v Gerosa*, 7 NY2d 454, 459 [1960]).

As a general rule, tax statutes should be strictly construed and limited to their terms, which should not be extended by implication (*see Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.*, 83 NY2d 240, 244 [1994]; *Matter of American Cyanamid & Chem. Corp. v Joseph*, 308 NY 259, 263 [1955]; *Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 204 [1937]; McKinney's Cons Laws of NY, Book 1, Statutes § 313 [b]). Any ambiguity in a tax law should be resolved in favor of the taxpayer and against the taxing authority (*see Debevoise &*

*Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661 [1993]).

Applying these principles here, contrary to the appellants' contention, the plaintiff was not required to exhaust administrative remedies before commencing this action, and judicial review is not limited to a proceeding pursuant to CPLR article 78 (*see generally Expedia, Inc. v City of N.Y. Dept. of Fin.*, 22 NY3d 121 [2013]; *Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 322 [2003]; *City of Goodlettsville, Tenn. v Priceline.com, Inc.*, 605 F Supp 2d 982 [MD Tenn 2009]; *City of Charleston, S.C. v Hotels.com, LP*, 520 F Supp 2d 757, 771 [D SC 2007]).

Accordingly, the Supreme Court correctly denied that branch of the appellants' motion which was to dismiss the first cause of action insofar as asserted against them for lack of subject matter jurisdiction. Consequently, there is no merit to the additional contention raised by the appellants that the remaining causes of action seeking damages for conversion and unjust enrichment, and to impose a constructive trust, should have been dismissed because they are dependent upon the first cause of action.

The appellants alternatively contend that the remaining causes of action should have been dismissed pursuant to CPLR 3211 (a) (7). An action will lie to recover damages for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question (*see Lucker v Bayside Cemetery*, 114 AD3d 162 [2013]). The elements of unjust enrichment are that the defendants were enriched, at the plaintiff's expense, and that it is against equity and good conscience to permit the defendants to retain what is sought to be recovered (*see Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491 [2008]). " 'The essence of unjust enrichment is that one party has received money or a benefit at the expense of another' " (*Goldman v Simon Prop. Group, Inc.*, 58 AD3d 208, 220 [2008], quoting *City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906 [1999]). Affording the complaint a liberal construction (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Moore v Liberty Power Corp., LLC*, 72 AD3d 660 [2010]), and accepting the allegations in the complaint as true (*see Schwartz v Schwartz*, 55 AD3d 897 [2008]), the plaintiff stated causes of action to recover damages for conversion and unjust enrichment (*see City of Goodlettsville, Tenn. v Priceline.com, Inc.*, 605 F Supp 2d at 998-999; *City of Findlay v Hotels.Com, L.P.*, 441 F Supp 2d 855, 864-865 [ND Ohio 2006]).

Accordingly, the Supreme Court correctly denied that branch

of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for conversion and unjust enrichment insofar as asserted against them.

However, we agree with the appellants that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to impose a constructive trust insofar as asserted against them. To obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four elements: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of an asset in reliance upon the promise, and (4) unjust enrichment flowing from a breach of the promise (*see Hall v McDonald*, 115 AD3d 646 [2014]; *Kalmon Dolgin Affiliates, Inc. v Tonacchio*, 110 AD3d 848, 851 [2013]). Here, the plaintiff failed to adequately plead a cause of action against the appellants to impose a constructive trust, as it failed to allege the existence of a confidential or fiduciary relationship with them (*see Hall v McDonald*, 115 AD3d at 646; *Kalmon Dolgin Affiliates, Inc. v Tonacchio*, 110 AD3d at 851; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678 [2005]). Therefore, we modify the order appealed from accordingly. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.