County of Nassau v Expedia, Inc. (2020 NY Slip Op 07858)





County of Nassau v Expedia, Inc.


2020 NY Slip Op 07858


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-05276 
2017-05285
2017-06486
 (Index No. 13818/11)

[*1]County of Nassau, et al., plaintiff-appellant, Chautauqua County, et al., intervenor plaintiffs-appellants, 
v
Expedia, Inc., et al., respondents.


Jared A. Kasschau, County Attorney, Mineola, NY, for plaintiff-appellant, and Zwerling, Schachter & Zwerling, LLP, New York, NY (Robert S. Schachter, Dan Drachler, Sona R. Shah, and Ana M. Cabassa of counsel), for plaintiff-appellant and intervenor plaintiffs-appellants (one brief filed).
Rivkin Radler LLP, Uniondale, NY (William M. Savino, Cheryl F. Korman, and Scott R. Wiehle, pro hac vice, of counsel), for respondents Travelocity.com, LP, Site 59.com, LLC, Priceline.com, Incorporated, LowestFare.com, LLC, and TravelWeb, LLC, and Jones Day, New York, NY (Todd R. Geremia of counsel), for respondents Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Hotwire, Inc., Travelnow.com, Inc., Trip Network, Inc., Internetwork Publishing Corp., Orbitz Worldwide, Inc., Orbitz, LLC, and Travelport, Inc. (one brief filed).



DECISION & ORDER
In an action, inter alia, to enforce certain provisions of the Nassau County Hotel Tax Law and to recover damages for conversion and unjust enrichment, the plaintiff and the intervenor plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 5, 2016, (2) an order of the same court entered March 29, 2017, and (3) an order and judgment (one paper) of the same court entered June 1, 2017. The order entered December 5, 2016, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to enforce the Nassau County Hotel Tax Law against the online "facilitation" or "service" fees charged by the defendants Expedia, Inc., Hotels.com, L.P., Hotwire, Inc., Travelocity.com, LP, Site 59.com LLC, Trip Network, Inc., Internetwork Publishing Corp., Orbitz, LLC, Priceline.com, Incorporated, and TravelWeb, LLC, and granted that branch of the defendants' cross motion which was, in effect, for summary judgment determining that the plaintiff's enabling hotel tax statute does not authorize a hotel and motel tax upon the online "facilitation" or "service" fees charged by the defendants. The order entered March 29, 2017, insofar as appealed from, granted those branches of the defendants' motion which were, in effect, for summary judgment determining that the enabling statutes of the intervenor plaintiffs Orange County, Rensselaer County, County of Saratoga, Steuben County, Oswego County, Westchester County, Chautauqua County, and City of Saratoga Springs do not authorize a hotel and motel tax upon the online "facilitation" or "service" fees charged by the defendants, and that the hotel tax ordinance of the intervenor plaintiff Erie County does not impose a tax on the online [*2]"facilitation" or "service" fees charged by the defendants. The order and judgment, insofar as appealed from, upon the orders, denied and granted the same relief as the orders and is in favor of the defendants and against the plaintiff and the intervenor plaintiffs dismissing so much of the complaint and the amended complaint in intervention as sought to enforce the plaintiff's and the intervenor plaintiffs' respective hotel tax laws against the defendants' online "facilitation" or "service" fees.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The underlying circumstances giving rise to this action, in which the plaintiff, County of Nassau, seeks, among other things, to enforce its local hotel tax ordinance against the online "facilitation" or "service" fees charged by the defendant online travel companies are summarized in our decisions and orders in two prior related appeals (see County of Nassau v Expedia, Inc., 120 AD3d 1181; County of Nassau v Expedia, Inc., 120 AD3d 1178). Following discovery, the plaintiff moved, inter alia, for summary judgment on so much of the complaint as sought to enforce its local hotel tax ordinance against the online "facilitation" or "service" fees charged by certain defendants. The defendants cross-moved, inter alia, in effect, for summary judgment determining that the plaintiff's enabling hotel tax statute does not authorize a hotel and motel tax upon the online "facilitation" or "service" fees charged by the defendants. While these motions were pending, several other municipalities intervened in the action, seeking in the amended complaint in intervention relief similar to that sought by the plaintiff. The defendants then moved for summary judgment against the intervenor plaintiffs on grounds similar to those stated in their cross motion against the plaintiff.
In an order entered December 5, 2016, the Supreme Court, inter alia, denied the plaintiff's motion and granted the defendants' cross motion against the plaintiff. In an order entered March 29, 2017, the court granted the defendants' motion for summary judgment against the intervenor plaintiffs. The court concluded that the defendants were entitled to summary judgment determining that the enabling statutes for the intervenor plaintiffs, other than Erie County, do not authorize a tax on the online "facilitation" or "service" fees charged by the defendants, and that while Erie County's enabling statute authorizes a tax on the online "facilitation" or "service" fees charged by the defendants, Erie County's hotel tax ordinance does not impose such a tax. An order and judgment upon the two orders was entered June 1, 2017, inter alia, dismissing the complaint and the amended complaint in intervention. The plaintiff and the intervenor plaintiffs appeal from the orders and the order and judgment.
The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d, 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
In Expedia, Inc. v City of N.Y. Dept. of Fin. (22 NY3d 121, 126-127), the Court of Appeals stated the following regarding a municipality's taxation authority: "In New York, local governments lack an independent power to tax. The State Constitution vests the taxing power in the state legislature and authorizes the legislature to delegate that power to local governments (NY Const, art XVI, § 1; City of New York v State of New York, 94 NY2d 577, 591; Castle Oil Corp. v City of New York, 89 NY2d 334, 338-339; Sonmax, Inc. v City of New York, 43 NY2d 253, 257; County Sec. v Seacord, 278 NY 34, 37). The State Constitution places fundamental limitations on such delegations. The legislature must describe with specificity the taxes authorized by any enabling statute. (NY Const, art XVI, § 1; Castle Oil Corp. [v City of New York], 89 NY2d at 339). In turn, local governments can only levy and collect taxes within the expressed limitations of specific enabling legislation (NY Const, art IX, § 2[c][8]; Matter of United States Steel Corp. v Gerosa, 7 [*3]NY2d 454, 459). As a general rule, tax statutes should be strictly construed and limited to their terms, which should not be extended by implication (Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y., 83 NY2d 240, 244; Matter of American Cyanamid & Chem. Corp. v Joseph, 308 NY 259, 263; Dun & Bradstreet, Inc. v City of New York, 276 NY 198, 204; McKinney's Cons Laws of NY, Book 1, Statutes § 313[b]). Any ambiguity in a tax law should be resolved in favor of the taxpayer and against the taxing authority (Debevoise & Plimpton v New York State Dept. of Taxation & Fin., 80 NY2d 657, 661)."
Here, applying the above cited rules of statutory construction pertaining to the enabling hotel tax statutes for the plaintiff and the intervenor plaintiffs other than Erie County (see Tax Law §§ 1202-g, 1202-h, 1202-j, 1202-n, 1202-q, 1202-aa), the defendants demonstrated, prima facie, that the statutes do not authorize the imposition of hotel or motel taxes on the online "facilitation" or "service" fees charged by the defendants. While the enabling statutes at issue authorize the imposition of a hotel tax upon the per diem hotel room rental rate (see Tax Law §§ 1202-g, 1202-h, 1202-j, 1202-n, 1202-q, 1202-aa), they do not include language which could be found to authorize a hotel tax upon the separate online "facilitation" or "service" fees charged by the defendants. The defendants further demonstrated, prima facie, that Erie County, although authorized to impose a hotel tax on the online "facilitation" or "service" fees charged by the defendants (see L 1974, ch 614, § 1), nonetheless failed to do so in its local hotel tax ordinance (see Erie Hotel Tax Law § 2). In opposition to the defendants' prima facie showing, the plaintiff and the intervenor plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to enforce its local hotel tax ordinance against the online "facilitation" or "service" fees charged by certain defendants, and its determination that the plaintiff's enabling hotel tax statute does not authorize a hotel and motel tax against those fees. In addition, we agree with the court's determination that the enabling statutes for the intervenor plaintiffs, other than Erie County, do not authorize a tax on the online "facilitation" or "service" fees charged by the defendants, and that while Erie County's enabling statute authorizes a tax on the online "facilitation" or "service" fees charged by the defendants, Erie County's hotel tax ordinance does not impose such a tax.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court