Lahtinen, J.P.
Appeal from a judgment of the Supreme Court (O’Shea, J.), entered October 29, 2014 in Schuyler County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner’s rental properties were subject to taxation pursuant to a local tax law.
Petitioner owns three fully furnished single-family homes near Seneca Lake in Schuyler County that he rents for periods varying from one night to multiple months. In 2013, respondent notified petitioner that he owed, pursuant to the “Schuyler County Hotel or Motel Room Occupancy Tax Law” (see Local Law No. 2 [1988] of the County of Schuyler [hereinafter Local Law No. 2]), over $12,000 in taxes for the period 2010 to 2012. Petitioner contested the assessment and contended that his three rental properties were not subject to the tax since they constituted “bungalows” as set forth by the regulations of the Commissioner of Taxation and Finance (see 20 NYCRR 527.9 [e] [5]). Following a hearing, respondent concluded that the bungalow exception did not apply to Local Law No. 2. However, based upon a review of further information, respondent adjusted the total taxes due to $6,102.96.* Petitioner commenced this proceeding asserting, among other things, that his properties were not subject to the tax imposed by Local Law No. 2. Supreme Court dismissed the petition, and petitioner now appeals.
Petitioner argues that, inasmuch as properties meeting the definition of a bungalow are not subject to a state tax on hotel occupancy, respondent lacked authority to tax bungalows. It is established law that “[t]he State Constitution vests the taxing power in the state [L]egislature and authorizes the [Legislature to delegate that power to local governments” (Expedia, Inc. v City of N.Y. Dept. of Fin., 22 NY3d 121, 126 [2013]; see NY Const, art XVI, § 1). “[T]he delegation of State taxing power to a municipality must be made in express terms by enabling legislation . . . [and] [a]ny tax imposed by the municipality must be within the expressed limitations of the enabling legislation” (Castle Oil Corp. v City of New York, 89 NY2d 334, 339 [1996] [internal quotation marks, brackets and citations omitted]; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d 606, 620 [2014]).
*1375 The Legislature has enacted a tax on certain occupancies of a room or rooms that is imposed statewide and administered by the Commissioner (see Tax Law art 28; § 1105 [e] [1]). The Legislature has also specifically authorized numerous local municipalities to impose a separate and additional occupancy tax (see Tax Law art 29). Many of the local occupancy taxes are administered by the local governmental authorities (see Tax Law art 29, part I, subpart A; see e.g. Tax Law §§ 1201-1202-cc), whereas others are administered by the Commissioner (see Tax Law art 29, part I, subpart B; see e.g. Tax Law §§ 1210-1212-A). Hence, New York has taxes on occupancy comprised of (1) a statewide tax and (2) a local tax administered either (a) locally or (b) by the Commissioner.
For purposes of the statewide tax imposed under Tax Law article 28, the Legislature has broadly defined “Motel” as “[a] building or portion of it which is regularly used and kept open as such for the lodging of guests” (Tax Law § 1101 [c] [1]), and “[o]ccupancy” as “[t]he use or possession, or the right to the use or possession, of any room in a hotel” (Tax Law § 1101 [c] [2]). The Commissioner has set forth a more detailed definition of hotel to include, among other things, a “bungalow” (20 NYCRR 527.9 [b] [1]), but has also provided that certain bungalows are “Montaxable facilities” where — as here — they are furnished and do not provide “housekeeping, food or other common hotel services, such as entertainment or planned activities” (20 NYCRR 527.9 [e] [5]).
Significantly, the Commissioner’s regulations specifically limit their application to the statewide tax and those local taxes that are administered by the Commissioner (see 20 NYCRR 527.9 [a] [2] [i]). Indeed, the Commissioner has warned in a policy memorandum and advisory opinion regarding this tax that the Commissioner’s interpretation does not apply to the locally administered tax, and that questions about the local tax should be directed to the local taxing authority (see NY St Dept of Taxation & Fin Advisory Op No. TSB-A-15[38]S, 2015 WL 8680280, 2015 NY Tax LEXIS 63 [Nov. 13, 2015]; NY St Dept of Taxation & Fin Technical Mem No. TSB-M-12[4]S, 2012 WL 979333 [Mar. 16, 2012]). The City of New York has expressly stated that, in administering its part of the locally-authorized occupancy tax, it does include the type of bungalows exempted from the statewide tax by the Commissioner (see NY City Dept of Fin Mem 08-1, Guidance for Businesses Subject to the New York City Tax on Hotel Occupancy, 2008 NY City Tax LEXIS 4 [Mar. 6, 2008]).
The Legislature authorized respondent to impose a local oc *1376 cupancy tax “such as the [Legislature has or would have the power and authority to impose” (Tax Law § 1202-i [1] [emphasis added]). This granted “broad authority to enact an occupancy tax” (Expedia, Inc. v City of N.Y. Dept. of Fin., 22 NY3d at 127). Respondent was also given authority to administer this tax locally (see Tax Law § 1202-i [2]). The definition of “hotel” in the enabling statute is expansive enough to include bungalows such as owned by petitioner (see Tax Law § 1202-i [1]), and the definition of “hotel” set forth in Local Law No. 2 is not inconsistent with or foreclosed by the authorizing statutory language. While the Legislature has included some specific exemptions from local occupancy taxes (see Tax Law § 1202-i [5]; see also Tax Law § 1230), it has not required that the local component of the occupancy tax be otherwise uniform in all respects with the statewide tax. Such uniformity might be a prudent course that would facilitate navigation by individuals and businesses of this state’s complex, multi-governmental levels of taxation, but that is a policy decision for the Legislature. To summarize, the Commissioner’s policy regarding bungalows for the statewide tax and a local tax administered by the Commissioner is not binding on local authorities administering a local tax.
Accordingly, we are constrained to conclude that respondent did not act contrary to law in determining that the bungalow exemption allowed by the Commissioner was not binding on Local Law No. 2. Nor was respondent’s interpretation of Local Law No. 2 to include bungalows inconsistent with the language of that local law or the enabling statute. Although a prior treasurer of respondent allegedly did not apply Local Law No. 2 to bungalows, there is no indication that there had been a formal interpretation in such regard and the limited retroactive application here was not “palpably unjust” (Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 404 [1984]). Petitioner’s argument regarding respondent’s request for certain records from him is moot. The remaining arguments are academic or unavailing.
Rose, Lynch, Clark and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The adjustment was apparently due in part to the fact that the tax does not apply when the person occupying the property stays for at least 30 consecutive days (see Tax Law § 1202-i [1]).