Gorelick v Suffolk County Comptroller's Off.

2026 NY Slip Op 02632

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joanne Gorelick, appellant,

v

Suffolk County Comptroller's Office, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-06208, (Index No. 273/17)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Joanne Gorelick, Kendall Park, New Jersey, appellant pro se.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78, which was converted into an action, inter alia, for a judgment declaring that the defendant is prohibited from assessing taxes pursuant to chapter 523, article II, of the Code of Suffolk County on the plaintiff's property in Ocean Beach for rental periods of less than 30 consecutive days, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 5, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint and for a declaration in its favor.

ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is not prohibited from assessing taxes pursuant to chapter 523, article II, of the Code of Suffolk County on the plaintiff's property located at 845 Evergreen Walk, Ocean Beach, for rental periods of less than 30 consecutive days.

The plaintiff owns a house in the Village of Ocean Beach, on Fire Island, which she rents to guests for minimum stays of seven days.

In 2016, the defendant, Suffolk County Comptroller's Office (hereinafter the Comptroller), notified the plaintiff that she was required to pay hotel and motel taxes on rentals of the property for periods of less than 30 consecutive days, pursuant to chapter 523, article II, of the Code of Suffolk County (hereinafter the Suffolk County Hotel and Motel Occupancy Tax Law).

In January 2017, the plaintiff commenced this CPLR article 78 proceeding against the Comptroller, inter alia, to prohibit the Comptroller from assessing hotel and motel occupancy taxes on the property. The plaintiff primarily contended that she did not rent the property on an overnight basis and that it was not a hotel. The Supreme Court converted this CPLR article 78 proceeding into an action for a declaratory judgment, pursuant to CPLR 103(c).

The Comptroller subsequently moved for summary judgment dismissing the complaint and for a judgment declaring that the property is subject to the Suffolk County Hotel and Motel Occupancy Tax Law. The plaintiff opposed the motion. The Supreme Court granted the [*2]motion, and the plaintiff appeals.

The Supreme Court did not err in awarding the Comptroller summary judgment dismissing the complaint and in determining that the Comptroller was entitled to a declaration in its favor as a matter of law. The Legislature authorized Suffolk County to impose a tax upon persons occupying hotel or motel rooms in the County (see Tax Law § 1202-o[1]). This statute granted "broad authority to enact an occupancy tax" (Expedia, Inc. v City of N.Y. Dept. of Fin., 22 NY3d 121, 127; see Matter of Schneider v Schuyler County, 140 AD3d 1373, 1376). The definition of "hotel or motel" in the enabling statute is expansive enough to include the plaintiff's rental of the property for periods of time less than 30 consecutive days (see Tax Law § 1202-o[1]), and the definition of "hotel or motel" set forth in the Suffolk County Hotel and Motel Occupancy Tax Law (see Code of Suffolk County §§ 523-9, 523-10[B][1]) is consistent with the authorizing statutory language (see Matter of Schneider v Schuyler County, 140 AD3d at 1376; cf. County of Nassau v Expedia, Inc., 189 AD3d 1346).

The plaintiff's remaining contentions are not properly before this Court.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court